BARBARA RACEK V. FIRST NATIONAL BANK OF NORTH BEND.

FILED OCTOBER 16, 1901.    No. 10,193.

1. **Fraudulent Conveyance Not Void Generally.** Under section 17, chapter 32, Compiled Statutes, 1899, conveyances and assignments made to defraud creditors are not void generally, but only as against persons defrauded.

2. **Subsequent Creditor Must Show He Has Been Defrauded.** A subsequent creditor can not successfully assail a fraudulent transfer of property without showing that he has been actually defrauded thereby.

3. **Transfer in Trust.** All transfers of property made in trust for the use of the person making the same, are void as against existing and subsequent creditors of the transferrer.

4. Contract Between Husband and Wife: RELEASE OF HOMESTEAD SUFFICIENT CONSIDERATION. The release of a homestead right is a sufficient consideration to support a contract made between husband and wife for an equal division of the money derived from a sale of the family homestead.

5. Intervener's Claim: EVIDENCE. An intervener who claims a fund in dispute between the plaintiff and defendant, must, if his claim is adverse to both the original parties, establish his right by a preponderance of the evidence.

ERROR from the district court for Saunders county. Tried below before BATES, J. *Affirmed.*

*I. J. Dunn* and *J. J. O'Connor,* for plaintiff in error.

*Frank Dolezal* and *J. C. Cook, contra.*

SULLIVAN, J.

The First National Bank of North Bend commenced an action in the district court against Joseph Racek and garnished John Zakavec as a debtor of the defendant. During the pendency of the action Barbara Racek intervened and asserted a claim to the money in the hands of the garnishee. The bank answered the petition of intervention, and the issue thus formed was tried to the court and decided against the intervener. The only ground relied upon for a reversal of the judgment is the want of sufficient evidence to sustain it. It appears that the defendant was the owner of a farm in Saunders county and that he conveyed it to his wife, Barbara Racek, without any substantial consideration being paid therefor; that the farm was afterwards sold to the garnishee and that the fund in controversy was one of the deferred installments of the purchase price. These facts are undisputed. It was contended at the trial that the conveyance from Joseph to Barbara was made for the purpose of defrauding creditors and that it was therefore void. Whether the transaction was tainted with actual fraud, we need not determine. The plaintiff was a subsequent creditor and as such could not have been prejudicially affected by a trans-

fer made long before its cause of action arose.   Under section 17, chapter 32, Compiled Statutes, 1899, conveyances and assignments made to defraud creditors are not void generally, but only "as against the person so hindered, delayed or defrauded."   A subsequent creditor can not successfully assail a fraudulent sale or transfer of property without showing that he has been actually defrauded thereby.  *Jansen v. Lewis,* 52 Nebr., 556; *Graham v. Estate of Townsend,* 62 Nebr., 364.   But the claim of the bank to have the judgment in its favor affirmed, does not rest alone upon the charge of fraud in the transaction between the defendant and the intervener.   The evidence tends to prove that the farm was conveyed to Barbara Racek to be held for the use and benefit of herself and Joseph, and that it was agreed between them, when the sale was made to the garnishee, that each should have half the purchase price.   Section 7 of chapter 32 aforesaid is as follows: "All deeds of gift, all conveyances, and all transfers or assignments, verbal or written, of goods, chattels, or things in action, made in trust for the use of the person making the same, shall be void as against the creditors, existing or subsequent, of such person."   Under this section it is clear, we think, that any interest which Joseph had in the land might be seized by either prior or subsequent creditors for the satisfaction of their claims against him.   But even if there had been no secret trust in favor of the defendant the court was justified in finding on the evidence that he became, by the agreement between himself and his wife, the legal owner of a moiety of the purchase price.   The release of his homestead right was a sufficient consideration for the agreement.   The intervener alleged in her petition that the money belonged to her. This allegation was denied by the answer of the bank, and it was not, in the opinion of the trial judge, sustained by the proof.   The burden was on the intervener to make good her claim to the fund, but she failed to show to the satisfaction of the court that the balance due from the garnishee belonged exclusively to her; she did not even

prove that the note evidencing the indebtedness of the garnishee was payable to her. There is sufficient evidence to sustain the judgment and it is, therefore,

AFFIRMED.