AUGUST BRUNKE, APPELLEE, V. ALBERT GRUBEN; E. F. RUZICKA, INTERVENER, APPELLANT.

FILED JUNE 25, 1909.    No. 15,755.

1. Garnishment: INTERVENER: BURDEN OF PROOF. If a garnishee answers that it is indebted to the execution defendant who does not resist the proceedings, and a third person intervenes and claims the account, the burden is upon the intervener to establish his title to the fund in litigation.

2. Evidence: PROCESS: PRESUMPTIONS. Officers are presumed to act according to law, and where an execution was issued and returned "nulla bona" on the 25th, and a summons in garnishment sued out the same day, but the evidence fails to establish whether the first named writ was returned before the latter one was issued, it will be presumed that the summons in garnishment was sued out subsequent to said return.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. Affirmed.

W. A. Bergstresser, for appellant.

Cole & Brown, contra.

ROOT, J.

Plaintiff caused the First National Bank of Lawrence to be garnished upon a judgment against defendant Gruben. E. F. Ruzicka intervened, claiming title to the money deposited by defendant in said bank. From a judgment in plaintiff's favor, the intervener appealed. The garnishee answered that it was indebted to defendant. Gruben did not resist the garnishment, but testified in Ruzicka's favor, and did not appeal from the judgment. The burden was on Ruzicka to establish title to the disputed property. *Racek v. First Nat. Bank,* 62 Neb. 669. One may draw an inference in favor of either plaintiff or Ruzicka, according to the credit given the testimony of Gruben and Ruzicka. The former had been in the saloon business at Lawrence for two years. To his application for a license for 1907, a remonstrance was filed, and the intervener thereupon applied for and secured a license to conduct that business in the building occupied by defendant. Gruben executed bills of sales to Ruzicka for his stock of goods and fixtures, but continued to manage the saloon, deposited in the garnishee bank to his personal credit the receipts of said business, and paid therefrom for merchandise used by him and expenses incurred in operating the saloon. All goods were charged and shipped to Ruzicka. Gruben did not check on said account for the benefit of the intervener, but claims to have paid him cash from time to time. Gruben's name remained upon the saloon window, and he disclaimed any interest in said goods and fixtures when the sheriff threatened to levy thereon, but claimed the bank deposit under consideration.

We will not extend this opinion by further reference to the evidence, but different minds may honestly draw diverse conclusions therefrom. The trial court probably knew the witnesses personally or by reputation, and must have observed their demeanor on the witness stand, and his findings are supported by the evidence.

It is urged that the court did not acquire jurisdiction to try the issue because the execution was not returned "not satisfied" before the summons in garnishment was sued out. No such issue was presented to the trial court except in the motion for a new trial. The evidence in support of said motion was not preserved in a bill of exceptions. From an amended transcript filed in response to an order for a diminution of the record, we learn that the execution was issued and returned on the 25th of October, and the summons in garnishment sued out that day. Which writ was first issued the record does not disclose, but we will not presume that the clerk of the district court did not perform his duty according to law.

The judgment of the district court therefore is

AFFIRMED.

REESE, C. J., absent and not sitting.