STATE OF NEBRASKA, APPELLEE, V.
TROY ANTHONY HESS, APPELLANT.
622 N.W. 2d 891

Filed March 9, 2001.    No. S-00-252.

Sean J. Brennan for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## I. NATURE OF CASE

Troy Anthony Hess, the appellant, was convicted in November 1994, and sentenced in January 1995, on charges of kidnapping, escape, two counts of use of a weapon to commit a felony, and being a felon in possession of a firearm. Hess' direct appeal was dismissed by this court as being filed out of time. See *State v. Hess*, 247 Neb. xxii (case No. S-95-146, Apr. 12, 1995). Hess now appeals from a denial of postconviction relief. The primary questions presented in this appeal are whether Hess was denied due process of law relating to the filing of the notice of appeal from his conviction and whether Hess was denied

effective assistance of counsel because Hess' appellate counsel failed to respond to, or inform Hess of, this court's order to show cause why Hess' appeal should not be dismissed as untimely.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the record produced by the evidentiary hearing in this case, as well as this court's records of Hess' direct appeal. Where cases are interwoven and interdependent and the controversy involved has already been considered and determined by the court in a former proceeding involving one of the parties now before it, the court has the right to examine its own records and take judicial notice of its own proceedings and judgments in the former action. *State v. Suggs*, 259 Neb. 733, 613 N.W.2d 8 (2000).

Hess was convicted pursuant to a jury verdict on November 7, 1994. Hess represented himself at trial. Hess testified that after the conviction was entered, on November 20, he mailed his first notice of appeal to the clerk of the district court (clerk's office). Subsequently, Hess was sentenced on January 9, 1995. Hess testified that on January 30, he mailed his motion for appointment of appellate counsel, affidavit in forma pauperis, and 6-month financial statement to the clerk's office.

Hess testified that on February 2, 1995, he received a written response from the clerk's office indicating that no notice of appeal had been included in the paperwork that Hess had sent to the clerk's office. Hess testified that attached to this letter from the clerk's office was a photocopy of Hess' original notice of appeal, which he had mailed on November 20, 1994. At the evidentiary hearing in the instant case, Hess produced the letter and photocopy of the notice of appeal that he claimed to have received from the clerk's office, and this was admitted into evidence as exhibit 40.

Hess testified that after receiving exhibit 40 from the clerk's office, he immediately mailed another copy of his notice of appeal to the clerk's office. Hess testified that the second notice of appeal was mailed on February 6, 1995. This notice of appeal was file stamped by the clerk's office on February 10. On the same day, the district court appointed Miles Johnston, Jr., to represent Hess on appeal.

On March 22, 1995, this court issued an order to show cause why Hess' appeal should not be dismissed, as the February 10 notice of appeal was not timely filed. A copy of the order was sent to Johnston's office by certified mail and was received on March 23. The order stated that Hess was ordered to show cause by April 4 why his appeal should not be dismissed. On April 25, this court issued its mandate indicating that the appeal had been dismissed.

Hess testified that Johnston visited Hess in late May 1995 and that Johnston told Hess that Johnston was working on the appeal and did not tell Hess that the appeal had already been dismissed. Hess testified that he finally found out about the dismissal in June, after he "made a phone call to the court." Hess testified that he was told that the appeal had been dismissed for failure to show cause why the appeal should not be dismissed. It should be noted that Johnston was suspended from the practice of law on August 31, and disbarred by this court on January 10, 1997, for a longstanding pattern of neglecting matters entrusted to him. See *State ex rel. NSBA v. Johnston*, 251 Neb. 468, 558 N.W.2d 53 (1997).

Hess' amended motion for postconviction relief alleges, in sum, that Hess' constitutional right to a direct appeal was violated by the clerical errors of the clerk's office in failing to timely file Hess' appeal documents and by the ineffective assistance of his appellate counsel in failing to respond to this court's order to show cause. The district court held an evidentiary hearing, at which Hess was the only witness. The State did not substantively contradict Hess' testimony regarding the events leading to the dismissal of his direct appeal.

The district court denied Hess' motion for postconviction relief. The district court determined that there was no evidence to rebut the presumption that Hess' second notice of appeal was timely file stamped when it was received by the clerk's office. The district court determined that Hess did not prove that Hess' first notice of appeal was received and/or lost by the district court and that it was "inconceivable" that the clerk's office would mail a copy of that notice of appeal back to Hess. The district court generally discredited Hess' version of events and concluded that any ineffective assistance of counsel was without

prejudice, because Hess would have been unable in any event to show that his appeal was timely filed. Hess appeals from the denial of postconviction relief.

## III. ASSIGNMENTS OF ERROR

Hess assigns, consolidated and restated, that the district court erred in concluding that (1) Hess had not proved that his notice of appeal was received by the court clerk prior to the appeal deadline and (2) Hess was not denied his right to effective assistance of counsel when his attorney did not respond to the show cause order and explain why the notice of appeal was filed by the clerk 1 day after the appeal deadline had expired.

## IV. STANDARD OF REVIEW

[2,3] A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Silvers*, 260 Neb. 831, 620 N.W.2d 73 (2000); *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). The appellant in a postconviction proceeding has the burden of alleging and proving the claimed error is prejudicial. See *State v. Hunt*, 254 Neb. 865, 580 N.W.2d 110 (1998).

## V. ANALYSIS

■ Initially, we note that a motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Suggs*, 259 Neb. 733, 613 N.W.2d 8 (2000). The issues presented by Hess, however, relate to the dismissal of his direct appeal and, obviously, could not have been raised on direct appeal. Therefore, the issues presented by Hess in his postconviction motion are not procedurally barred.

■ For relief to be granted under Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1995), the claimed infringement must be constitutional in dimension. *State v. Reeves*, 258 Neb. 511, 604 N.W.2d 151 (2000). Hess argues that he was deprived of his direct appeal because two of his constitutional rights, as guaranteed by the U.S. and Nebraska Constitutions, were violated: (1) his right to due process of law and (2) his right to effective assistance of counsel. We address each claim in turn.

## 1. DUE PROCESS

Hess does not clearly distinguish whether the due process claim he is presenting is procedural or substantive in nature. We determine, based upon our analysis of his argument, that Hess is asserting a procedural due process violation.

Due process claims are generally subjected to a two-part analysis: (1) Is the asserted interest protected by the Due Process Clause and (2) if so, what process is due? *Billups v. Nebraska Dept. of Corr. Servs. Appeals Bd.*, 238 Neb. 39, 469 N.W.2d 120 (1991). Procedural due process limits the ability of the government to deprive persons of interests which constitute "liberty" or "property" interests within the meaning of the Due Process Clause and requires that parties deprived of such interests be provided adequate notice and an opportunity to be heard. *Bauers v. City of Lincoln*, 255 Neb. 572, 586 N.W.2d 452 (1998). The concept of due process embodies the notion of fundamental fairness and defies precise definition. *In re Interest of Kelley D. & Heather D.*, 256 Neb. 465, 590 N.W.2d 392 (1999). See, also, *Lassiter v. Department of Social Services*, 452 U.S. 18, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981).

The U.S. Constitution does not guarantee the right to appeal a criminal conviction. See, *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *State v. Schroder*, 218 Neb. 860, 359 N.W.2d 799 (1984). Where an appeal is provided as a matter of right, however, the procedures used in deciding appeals must comport with the requirements of the Due Process Clause. See, *Evitts v. Lucey, supra*; *State v. Kelley*, 198 Neb. 805, 255 N.W.2d 840 (1977). Neb. Const. art. I, § 23, guarantees the right to appeal in all felony cases. *State v. Schroder, supra.*

Hess argues that his right to due process was violated when he was deprived of his right to appeal due to the clerk's office's failure to appropriately date and file the notices of appeal he claims to have mailed on November 20, 1994, and February 6, 1995. For purposes of deciding this appeal, we assume that Hess has properly alleged a violation of procedural due process that deprived him of his right to direct appeal. Therefore, the issue is whether Hess met his burden of proving such a violation at the evidentiary hearing. In conducting this analysis, we separately consider Hess' arguments with reference to each notice of appeal.

### (a) Notice of Appeal Mailed November 20, 1994

Hess testified that he mailed a notice of appeal to the district court on November 20, 1994. Although Hess' testimony was not contradicted by the State, the record from Hess' direct appeal does not contain such a notice of appeal. Even assuming Hess' testimony to be true, however, Hess cannot show that any failure to file this notice of appeal prejudiced him, because the notice of appeal would have been premature and therefore ineffective to preserve Hess' appellate claims.

█ The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal. *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998). Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1994), in effect at the relevant time, provided:

> [T]he proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors, shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days *after* the rendition of such judgment or decree or the making of such final order, a notice of intention to prosecute such appeal . . . .

(Emphasis supplied.)

█ Hess claims to have mailed his notice of appeal on November 20, 1994, after he was convicted on November 7, but well before he was sentenced on January 9, 1995. For purposes of appeal in a criminal case, however, the judgment occurs when the verdict and sentence are rendered by the court. *State v. Nash*, 246 Neb. 1030, 524 N.W.2d 351 (1994). A finding of guilty is a conviction, but it is not a judgment or final order, and there can be no appeal until a sentence has been imposed. *In re Interest of Wolkow*, 206 Neb. 512, 293 N.W.2d 851 (1980); *State v. Long*, 205 Neb. 252, 286 N.W.2d 772 (1980); *State v. Engleman*, 5 Neb. App. 485, 560 N.W.2d 851 (1997).

█ This court addressed the circumstances under which a premature notice of appeal may nonetheless be effective to confer jurisdiction upon an appellate court in *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994). We stated that

a notice of appeal filed after the trial court announced its decision, but before a judgment has been rendered, is effective to confer jurisdiction on the appellate court if the notice of appeal shows on its face that it relates to the decision which has been announced by the trial court and the record shows that a judgment was subsequently rendered in accordance with the decision which was announced and to which the notice of appeal relates.

*Id.* at 698, 522 N.W.2d at 743.

The rule stated in *McDowell* is based upon the fact that "it is an admittedly odd situation in which the judgment has been announced, but in which an appeal therefrom cannot be had." 246 Neb. at 697-98, 522 N.W.2d at 743. This situation, however, clearly did not exist at Hess' trial. In the instant case, a conviction had been entered, but prior to sentencing, no judgment of the trial court had been announced or rendered.

As the district court had not announced a final decision as of November 20, 1994, any notice of appeal filed by Hess on that date would not satisfy the criteria set forth in *State v. McDowell, supra,* for determining if a premature notice of appeal can nonetheless confer jurisdiction, and we decline to extend *McDowell* to situations in which a judgment has been neither announced nor rendered. Instead, we continue to adhere to the rule stated in *State v. Long, supra,* and the line of cases cited above, that there can be no appeal until a sentence has been imposed. As a result, we conclude that even had Hess filed a notice of appeal on November 20, as he testified, that notice of appeal would not have conferred appellate jurisdiction upon this court. We note, for the sake of completeness, that Hess' appeal took place prior to the 1997 amendment to § 25-1912, which now provides specifically for the effect of a premature notice of appeal. See § 25-1912(2) (Cum. Supp. 2000).

A notice of appeal filed by Hess on November 20, 1994, would have been premature and insufficient to confer appellate jurisdiction. Therefore, even if the clerk's office did fail to properly file such a notice of appeal, Hess has not proved a violation of any due process right to a direct appeal, because the missing notice of appeal could not have perfected Hess' direct appeal in any event.

### (b) Notice of Appeal Mailed February 6, 1995

Hess also testified that he mailed another notice of appeal on February 6, 1995, after he had been sentenced. This notice of appeal was file stamped by the clerk's office on February 10, more than 30 days after Hess was sentenced. See § 25-1912(1) (notice of appeal must be filed within 30 days). Hess claims that this notice of appeal was not timely filed by the clerk's office. We note that the date of receipt by the clerk's office, and not the date of mailing, is the relevant date for determining the timeliness of a notice of appeal, as Nebraska does not have a " 'prison delivery rule.' " See *State v. Parmar*, 255 Neb. 356, 363, 586 N.W.2d 279, 284 (1998).

Neb. Rev. Stat. § 25-2205 (Reissue 1995) states that "[i]t is the duty of the clerk of each of the courts to file together and carefully preserve in his [or her] office all papers delivered to him [or her] for that purpose in every action or special proceeding." Neb. Rev. Stat. § 25-2206 (Reissue 1995) requires, in relevant part, that "[t]he clerk of the court shall endorse upon every paper filed with him [or her], the day of filing it . . . ."

It has long been held that in the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed. See *Ludwig v. Board of County Commissioners*, 170 Neb. 600, 103 N.W.2d 838 (1960). See, also, e.g., *Sherard v. State*, 244 Neb. 743, 509 N.W.2d 194 (1993). Such presumptions are applied to the official acts of the clerks of the district courts. See, e.g., *Knaak v. Brown*, 115 Neb. 260, 212 N.W. 431 (1927); *Brunke v. Gruben*, 84 Neb. 806, 122 N.W. 37 (1909); *Gate City Abstract Co. v. Post*, 55 Neb. 742, 76 N.W. 471 (1898); *Crowell v. Johnson*, 2 Neb. 146 (1873). See, also, e.g., *In re Estate of Crabtree*, 4 Cal. App. 4th 1119, 6 Cal. Rptr. 2d 224 (1992); *H. R. Lee Invest. Corp. v. Groover*, 138 Ga. App. 231, 225 S.E.2d 742 (1976).

Because the clerk of the district court is required by law to file and endorse the date of filing of all documents filed in the court, the timely filing of such documents is an official act to which the presumption of regularity attaches. The entry of filing by the clerk is the best evidence of the date of filing and is

presumed to be correct until the contrary is shown. *H. R. Lee Invest. Corp. v. Groover, supra.* Thus, we must presume, in the absence of affirmative evidence to the contrary, that the clerk performed his or her duty and endorsed the notice of appeal with the date it was in fact presented to him or her for filing. See *In re Estate of Crabtree, supra.*

Hess claims that this presumption was overcome by the evidence presented at the evidentiary hearing. Hess argues that the clerk's office must have been in possession of his notice of appeal prior to February 10, 1995, because he testified that he received a copy of his own notice of appeal from the clerk's office on February 2. This argument is not persuasive, however, as Hess testified that the copy he received from the clerk's office was a copy of the notice of appeal he originally mailed on November 20, 1994. As discussed above, the clerk's office's possession of the notice of appeal mailed on November 20 is immaterial, because that notice of appeal was inadequate to confer jurisdiction upon an appellate court.

A careful examination of Hess' testimony shows that the only notice of appeal he claimed to have mailed after his sentencing was the notice of appeal filed by the clerk's office on February 10, 1995. Hess argues that the filing of this notice of appeal was delayed because the clerk's office lost it. In support of this argument, Hess refers to exhibit 41, a copy of Hess' motion for appointment of appellate counsel. Present on the photocopied document is a copy of a note evidently placed there by the clerk's office. It is initialed and reads, in its entirety, "Keep Copies in File until Originals are Found 2-14-95." Hess claims that this is proof that Hess' original notice of appeal was lost and thus not timely filed.

Hess' claim is without merit. The note copied in exhibit 41 might support the inference that the clerk's office received Hess' filings and made copies of them and that by February 14, 1995, the originals had at least temporarily been lost. Even if this is an accurate depiction of events, however, it does nothing to rebut the presumption that the original documents received by the clerk's office were timely filed and file stamped when they were received, even if they were subsequently misplaced. The evi-

dence does not prove that the documents were lost prior to their filing and endorsement of the date of filing.

Based on the record presented, we cannot say that the district court was clearly wrong in finding that Hess had not overcome the presumption of regularity attached to official acts and that Hess did not prove that his notice of appeal was received by the clerk's office prior to February 10. Compare *Huebner v. State*, 107 Nev. 328, 810 P.2d 1209 (1991) (direct appeal reinstated where it was proved that clerk's office's practice was not to file notice of appeal on incoming day as required by law).

In conclusion, we determine that Hess' first assignment of error is without merit. Hess' first notice of appeal, even if received by the clerk's office, was premature and insufficient to preserve Hess' right to appeal. Hess failed to prove that his second notice of appeal was received by the clerk's office prior to the 30-day deadline for appeal. Consequently, Hess has not proved that any acts of the clerk's office were responsible for the loss of his right to a direct appeal, and he did not prove a violation of his right to due process of law.

### 2. INEFFECTIVE ASSISTANCE OF COUNSEL

Hess also claims that he was deprived of his right to direct appeal due to the ineffective assistance of his counsel on direct appeal, in violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution. Hess claims that his appeal was dismissed because his counsel on direct appeal, Johnston, failed to answer this court's order to show cause why the appeal should not be dismissed, and this failure to respond constituted ineffective assistance of counsel.

In order to establish a right to postconviction relief based on a claim of ineffective counsel, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Silvers*, 260 Neb. 831, 620 N.W.2d 73 (2000); *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). The two prongs of this test, deficient performance and prejudice, may be addressed in either order; if

it is more appropriate to dispose of an ineffectiveness claim due to the lack of sufficient prejudice, that course should be followed. See, *State v. Soukharith, supra*; *State v. Lyle*, 258 Neb. 263, 603 N.W.2d 24 (1999).

Where a defendant is denied his or her right to an appeal because counsel fails to perfect an appeal, the proper vehicle for the defendant to seek relief is through the Nebraska Postconviction Act. *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000). After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief. *Id.*

Prior to this presumption of prejudice, however, the defendant must show, by a preponderance of the evidence, that the defendant was denied his or her right to appeal due to the negligence or incompetence of counsel, and through no fault of his or her own. *State v. McCroy*, 259 Neb. 709, 613 N.W.2d 1 (2000); *State v. Trotter, supra*. In the present case, Hess chose to represent himself pro se at trial, and a pro se party is held to the same standards as one who is represented by counsel. See *State v. Lindsay*, 246 Neb. 101, 517 N.W.2d 102 (1994). Hess was not represented by Johnston until February 10, 1995, after the deadline for filing his notice of appeal had elapsed. Hess therefore cannot complain that his untimely notices of appeal were due to the ineffective assistance of counsel. This court's inquiry is limited to the sole facet of Hess' direct appeal in which Johnston represented Hess—this court's order to show cause why the appeal should not be dismissed.

Assuming, for the purposes of deciding this appeal, that Johnston was ineffective in failing to reply to, or inform Hess of, this court's order to show cause, the question is then whether this failure actually caused Hess' appeal to be dismissed. In other words, in order to prove that he was denied his right to appeal due to the negligence or incompetence of Johnston, see *State v. McCroy, supra*, Hess must prove that had Johnston replied to the order to show cause or informed Hess of the order to show cause, such action would have prevented Hess' direct appeal from being dismissed.

Our analysis of Hess' notices of appeal, set forth above with reference to Hess' due process claim, is also dispositive of Hess' ineffective assistance of counsel claim. For the reasons stated above, we have determined that the notice of appeal Hess claims to have mailed on November 20, 1994, was premature and without effect and that Hess did not prove that the notice of appeal he claims to have mailed on February 6, 1995, arrived at the clerk's office prior to the 30-day deadline for filing his appeal. In order to prevent this court from dismissing his direct appeal, however, Hess would have had to show that his direct appeal was timely filed.

In short, Hess has presented neither evidence nor argument showing what kind of answer could have been given to this court's order to show cause that would have been sufficient to prevent the appeal from being dismissed. The district court found that Hess did not file a timely notice of appeal, and we determine that this finding was not clearly wrong. Absent a timely notice of appeal, Hess' direct appeal would have been dismissed regardless of the reply to our order to show cause. Consequently, any failure of Johnston to reply to, or inform Hess of, the order to show cause did not result in the dismissal of Hess' direct appeal. The district court was not clearly wrong in finding that the dismissal of Hess' direct appeal resulted, not from ineffective assistance of counsel, but from Hess' own failure to file a timely notice of appeal.

The district court was not clearly wrong in finding that Hess did not prove by a preponderance of the evidence that Hess was denied his direct appeal due to the negligence or incompetence of counsel. Therefore, the district court did not err in determining that Hess did not establish a right to postconviction relief on that basis. Hess' second assignment of error is without merit.

## VI. CONCLUSION
The notice of appeal Hess claims to have mailed on November 20, 1994, was premature and ineffective, and Hess did not overcome the presumption that the notice of appeal he claims to have mailed on February 6, 1995, arrived after his 30-day time to appeal had elapsed. Therefore, Hess did not prove that any actions by the clerk's office violated due process and

deprived him of his direct appeal, nor did Hess prove that his direct appeal was denied due to the ineffectiveness of counsel. The judgment of the district court is therefore affirmed.

AFFIRMED.