STATE OF NEBRASKA, APPELLANT, V.
TIMOTHY P. KISSELL, APPELLEE.
690 N.W.2d 194

Filed December 14, 2004.    No. A-04-559.

Gretchen L. McGill, Deputy Sarpy County Attorney, for appellant.

Van A. Schroeder, of Bertolini, Schroeder & Blount, for appellee.

IRWIN, SIEVERS, and CASSEL, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Pursuant to this court's authority under Neb. Ct. R. of Prac. 11B(1) (rev. 2000), this case was ordered submitted without oral argument. The State of Nebraska was granted leave to docket this appeal concerning the sufficiency of the evidence needed to support a conviction for disturbing the peace. Although the State had secured Timothy P. Kissell's conviction at trial before the Sarpy County Court, the Sarpy County District Court found the evidence to be insufficient and reversed the conviction. Although we granted the State leave to docket this appeal, the State failed to timely file a notice of appeal. As such, we are without jurisdiction, and we now dismiss the State's appeal.

## II. BACKGROUND

The underlying factual background of this case is irrelevant to the issue we determine today concerning the timeliness of the State's filing of the notice of appeal. As such, we need not further discuss the factual background that brought this case before the county and district courts.

On or about November 13, 2003, the county court found Kissell guilty of disturbing the peace and imposed a sentence. Kissell appealed the conviction and sentence to the district court. On March 24, 2004, the district court reversed the conviction, finding that the State's evidence at trial was insufficient as a matter of law to support a conviction for disturbing the peace.

On April 7, 2004, the State filed an application with this court, seeking leave to docket an appeal pursuant to Neb. Rev. Stat. § 29-2315.01 (Supp. 2003). On May 7, we granted the State leave to docket the appeal. The State, however, did not file a notice of appeal until August 6, nearly 3 months later.

Kissell filed a motion asking this court to summarily dismiss the State's appeal, asserting that the notice of appeal was not timely filed and that this court, accordingly, is without jurisdiction to hear the appeal. In response, the State "request[ed] the Court to deny [Kissell's] Motion to Dismiss and in support thereof attache[d] [an] affidavit of cause." The attached affidavit acknowledged that the notice of appeal was not timely filed, and asserted that "counsel for the State was on maternity leave from April 28, 2004 until July 26, 2004" and that "there was an error in counsel's office regarding the due dates for [the State's] Notice of Appeal that counsel did not discover until her return."

## III. ISSUE ON APPEAL

The issue before us is whether the State's notice of appeal was timely filed and, if not, whether the State's asserted "excuse" provides a basis for us to exercise jurisdiction.

## IV. ANALYSIS

The State sought to bring this appeal pursuant to § 29-2315.01, which provides that a prosecuting attorney may take exception to a ruling or decision of a trial court and specifies the procedure by which the State may seek application to this court for an appeal. Section 29-2315.01 specifically provides as follows:

If the application is granted, the prosecuting attorney shall within thirty days from such granting order a bill of exceptions in accordance with section 29-2020 if such bill of exceptions is desired and otherwise proceed to obtain a review of the case as provided in section 25-1912.

Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2002) specifically provides that a "notice of intention to prosecute [an] appeal" must be filed "in the office of the clerk of the district court . . . *within thirty days after the entry of such judgment.*" (Emphasis supplied.)

We read §§ 29-2315.01 and 25-1912 in pari materia. The Nebraska Supreme Court recently iterated, in the context of the appellate jurisdictional statutes and including § 25-1912, that " '[t]he components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed in pari materia to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible.' " *Glass v. Kenney,* 268 Neb. 704, 708, 687 N.W.2d 907, 911 (2004). Reading §§ 29-2315.01 and 25-1912 in pari materia, it is clear that when an appellate court grants the State leave to docket an appeal, the State must file a notice of appeal within 30 days in order to perfect jurisdiction in the appellate court.

In the present case, there is no dispute that the State failed to file the notice of appeal within 30 days of our May 7, 2004, order granting leave to docket the appeal. Indeed, the State failed to file the notice of appeal for nearly three times the acceptable limitation period. Nonetheless, the State urges us to "excuse" the tardiness of the notice of appeal because of the State's attorney's maternity leave and "error" in her office concerning the notice's due date.

The State has cited us to no authority providing that circumstances such as this might excuse a party's failure to comply with the jurisdictional prerequisites set forth in the statutes, and we are aware of no such authority. Indeed, in *State v. Marshall,* 253 Neb. 676, 681, 573 N.W.2d 406, 411 (1998), the Nebraska Supreme Court specifically and unambiguously held that "[t]imeliness of an appeal is a jurisdictional necessity." The court further stated: "When the Legislature fixes the time for taking an appeal, the courts have *no power to extend the time directly or indirectly.*

An appellate court may not consider a case as within its jurisdiction unless its authority to act is invoked in the manner prescribed by law." (Emphasis supplied.) *Id.* at 681-82, 573 N.W.2d at 411.

## V. CONCLUSION

Even though we granted the State leave to docket an appeal in this case, the State failed to timely file the notice of appeal that would have given us jurisdiction to hear this case. As such, we are without jurisdiction, and this appeal is dismissed.

APPEAL DISMISSED.