IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. HAYNES

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
JAMAR HAYNES, APPELLANT.

Filed January 28, 2014.    No. A-12-1149.

Appeal from the District Court for Lancaster County: ROBERT R. OTTE, Judge. Affirmed.

Jamar Haynes, pro se.

Jon Bruning, Attorney General, and Kimberly A. Klein for appellee.

INBODY, Chief Judge, and MOORE and RIEDMANN, Judges.

MOORE, Judge.

## INTRODUCTION

Jamar Haynes appeals from an order of the district court for Lancaster County, which overruled his motion to vacate and modify an order dismissing his motion for postconviction relief. The basis of his motion to vacate and modify, and of this appeal, is his assertion that he did not receive a copy of the order dismissing his postconviction motion and thus was prevented from filing a timely appeal. The district court found that the evidence did not support Haynes' assertion. Because we find no abuse of discretion in the denial of Haynes' motion to vacate and modify, we affirm.

## BACKGROUND

Haynes was convicted in 2009 of two counts of terroristic threats, two counts of use of a weapon to commit a felony, one count of felon in possession of a deadly weapon, and one count of burglary. On direct appeal, Haynes asserted that the district court erred in denying his motion to suppress, that the evidence was insufficient to find him guilty of the two use of a weapon charges and the felon in possession charge, and that the court abused its discretion by including

and considering a letter submitted by a police officer in the presentence report. This court affirmed the convictions. See *State v. Haynes*, No. A-09-1305, 2011 WL 709693 (Neb. App. Feb. 22, 2011) (selected for posting to court Web site).

In June 2011, Haynes filed a motion for postconviction relief, asserting that his constitutional rights were violated as follows: There was no probable cause for the search or arrest; he was denied his request for an attorney at the outset of the illegal arrest; the evidence was insufficient to support his convictions; there was prosecutorial misconduct at the opening statement, during trial, and at closing arguments; allowing testimony of uncharged conduct was allowed; and he was deprived of exculpatory evidence. Haynes also alleged that he received ineffective assistance of trial and appellate counsel in failing to timely object, file pretrial motions, file motions for mistrial or new trial, and perfect an appeal; inadequately investigating and preparing for trial; failing to preserve record and issues for direct appeal; failing to secure deposition of a witness; failing to secure all police reports and depose each and every individual; and failing to disclose to Haynes exculpatory or *Brady* material pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

On January 10, 2012, the district court entered an order denying Haynes' request for an evidentiary hearing and denying his motion for postconviction relief, finding that Haynes' allegations regarding the search and arrest, motion to suppress, and adequacy of the evidence were all addressed in the direct appeal and were procedurally barred. The court further found that Haynes' allegations of ineffective assistance of counsel were conclusory and insufficient to merit an evidentiary hearing or postconviction relief. The order directed the bailiff to mail copies of the judgment to the State and Haynes. The order was signed by District Judge Robert R. Otte. No appeal was taken from the January 2012 order.

On September 24, 2012, Haynes filed a motion to vacate or modify the January 2012 order pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 2008) and the court's equity jurisdiction, alleging that he did not receive a copy of the order and therefore was unaware of the necessity to file a timely appeal. He asked the court to vacate the January 2012 order and give him proper service of the judgment so that he could file an appeal.

The district court heard Haynes' motion on November 5, 2012. At the hearing, Haynes offered exhibits to show that he contacted the district court in writing regarding the status of his postconviction motion and that in September 2012, he was advised in a letter from the clerk that an order had been entered on January 10, 2012, denying his motion. Haynes' exhibits also included copies of the prison mailroom procedures and the prison mail log showing that he did not receive any "legal" mail in January 2012. The State called Haynes as a witness and questioned him briefly to establish his inmate number and where he was housed in January 2012. The State offered a copy of the order denying Haynes a postconviction evidentiary hearing which directed the bailiff to send a copy to Haynes and the State. The State also called a records employee with the Department of Correctional Services, Shannon Fredenburg, and offered exhibit 161, a "confidential mail receipt form" dated January 12, 2012, documenting the delivery of a letter from "Robert R. Otte, Lincoln" to Haynes. The form was signed and dated by Haynes and also signed by Fredenburg as a witness. Fredenburg testified about the department's mail delivery procedures and the mail receipt form. Fredenburg stated that she would have taken the mail and the form to Haynes, have him sign the form, and then have him open the envelope to

ensure there was no contraband inside. Fredenburg testified that she did see that the mail appeared to be from the sender reflected on the form. Based on Fredenburg's previous history with Haynes, she testified that if the envelope had been empty, she thought Haynes would have told her.

On November 6, 2012, the district court entered an order overruling Haynes' motion to vacate or modify, finding that the evidence did not support his claim that he did not receive a copy of the January 2012 order. Haynes appeals from the order overruling his motion to vacate or modify.

## ASSIGNMENTS OF ERROR

Haynes asserts that the district court's denial of his motion to vacate or modify (1) violated his right to procedural due process and (2) constituted structural error warranting vacation of the judgment.

## STANDARD OF REVIEW

An appellate court will reverse a decision on a motion to vacate or modify a judgment only if the litigant shows that the district court abused its discretion. *State v. Manning*, 18 Neb. App. 545, 789 N.W.2d 54 (2010). A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from action, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Freeman v. Groskopf*, 286 Neb. 713, 838 N.W.2d 300 (2013).

## ANALYSIS

*Denial of Due Process.*

Haynes first asserts that the district court's denial of his motion to vacate or modify violated his right to procedural due process. He argues that the clerk's failure to send him notice of the judgment deprived him of his right to appeal the denial of his postconviction motion.

The State argues that the district court did not abuse its discretion in denying Haynes' motion. In his motion, Haynes asserted § 25-2001(4) as the statutory basis for the power of the district court to vacate or modify the judgment, alleging either "(a) . . . mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order," or "(f) . . . unavoidable casualty or misfortune, preventing the party from prosecuting or defending." However, § 25-2001 refers to the power of the district court to modify its judgments after the end of a term, but within 6 months of the entry of the judgment. In *State v. Manning, supra*, the defendant appealed from the denial of his motion to vacate an order dismissing his postconviction motion, asserting that he was entitled to relief under § 25-2001. We determined that § 25-2001 did not apply to the case because the statute pertained to the power of the district court to modify its judgments after the end of a term, but within 6 months of the entry of the judgment. As was the case in *Manning*, Haynes' motion was filed *within the same term* of court and thus, § 25-2001(4) does not apply. See Rules of Dist. Ct. of Third Jud. Dist. 3-1 (rev. 1999) (district court calendar year is from January 1 to December 31). However, this does not end our consideration of Haynes' assignment of error.

Haynes also asked the district court to apply its equity jurisdiction to vacate the order. Section 25-2001(2) notes that the power of a district court under its equity jurisdiction to set aside a judgment or order as an equitable remedy is not limited by this section. As we recognized in *Manning*, a district court has broad inherent power to vacate or modify its own judgment during the term at which it is rendered. See, also, *Eichner v. Mid America Fin. Invest. Corp.*, 275 Neb. 462, 748 N.W.2d 1 (2008). In *Manning*, we concluded that the district court did not abuse its discretion in denying the motion to vacate because the motion was, in effect, a late-filed motion to amend the alleged facts in the defendant's original postconviction motion.

The basis of Haynes' request for equitable relief is that he did not receive notice of the judgment and was therefore unable to file a timely appeal from the denial of his postconviction motion. Haynes adduced evidence in support of his motion to vacate, including his testimony that he did not receive notice of the judgment and various documents showing his inquiry to the court, prison mailroom procedures, and a form indicating that he did not receive "legal" mail in January 2012. On the other hand, the State offered the confidential mail receipt form, dated January 12, 2012, showing that Haynes received mail on that date from Judge Otte, who entered the order denying Haynes' motion for postconviction relief. This receipt form is signed by Haynes, and the testimony of Fredenburg confirmed delivery of the mail to Haynes. The State argues that it is reasonable to presume that this mail was the order entered by Judge Otte on January 10, 2012.

The State also points to the provision in the order requiring the bailiff to mail a copy of the judgment to Haynes and argues that the law allows the presumption that the official performed the duty of mailing the judgment to Haynes. In the absence of evidence to the contrary, it may be presumed that public officers faithfully performed their official duties, and absent evidence showing misconduct or disregard of the law, the regularity of official acts is also presumed. *State v. Gales*, 269 Neb. 443, 694 N.W.2d 124 (2005). This presumption applies to the official acts of the clerks of the district courts. *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001). However, there is nothing in our record to indicate whether the clerk of the district court sent the order or notice of the judgment to Haynes. Neb. Rev. Stat. § 25-1301.01 (Reissue 2008) requires the clerk of the court, within 3 working days after the entry of any civil judgment, to send a postcard or notice by mail to each party or the party's attorney, advising that a judgment has been entered and the date of entry. There is no statutory provision relating to the duty of the bailiff to send notice of the entry of judgments.

The State argues that because the bailiff was ordered to mail a copy of the order to Haynes, the same presumption should apply. The State points to Neb. Ct. R. § 6-1512, which states generally that the bailiff shall carry out the duties as may be assigned to the bailiff by the court. In *Nye v. Fire Group Partnership*, 263 Neb. 735, 642 N.W.2d 149 (2002), the Nebraska Supreme Court reversed the district court's denial of the appellants' motion to vacate a summary judgment where the record showed that the clerk of the court failed to send notice of a summary judgment to the appellants, thus depriving them of the opportunity to appeal the underlying decision. In *Nye*, the evidence adduced at the hearing included an affidavit from the chief deputy clerk of the district court, stating that her office did not send out a notice of the summary judgment to the appellants and that summary judgment orders were sent out by the bailiff in that court and not by the clerk. On appeal, the court found that notice of judgment sent by the lower

court's *bailiff* did not satisfy the requirements of § 25-1301.01, which requires the *clerk* to do so. The court held that a district court is not free to displace duties that the Legislature statutorily requires to be performed by the clerk of the court by reassigning the duties to its bailiff. *Id.* The court cited *State v. Hess, supra*, and noted that if the clerk had made a court entry indicating that the notice had been mailed, a presumption of regularity would have attached. The court concluded, however, that when both the lower court and the clerk admitted that notice of the judgment was not sent by the clerk, no presumption arises. The court observed that the right of a party to move for a new trial or to appeal cannot ordinarily be defeated by the clerk of the court's failure to give the parties notice of the entry of the judgment. *Id.* The court concluded that the failure of the clerk of the court to send notice of the summary judgment to the appellants was beyond the control of the parties and within the statutory grounds for vacating or modifying an order under § 25-2001(4).

Thus, the fact that the bailiff was ordered to mail a copy of the order to Haynes, standing alone, is insufficient to trigger the presumption of regularity. However, the facts in our case differ from *Nye* in that here, we do not have affirmative evidence that the clerk did not send notice of the judgment. We have evidence that the bailiff was directed to mail the order, and we have evidence that Haynes received confidential mail from the district court judge who entered the order, which mail was received by Haynes 2 days after the order was entered. We find that it is reasonable to presume that Haynes received the order entered by the district court denying his postconviction motion. We further conclude that the district court did not abuse its discretion in finding that Haynes did not adduce sufficient evidence to support his claim that he did not receive the order. This assignment of error is without merit.

*Structural Error.*

Haynes also asserts that the district court's denial of his motion to vacate or modify constituted structural error warranting vacation of the judgment. Structural errors are errors so affecting the framework within which the trial proceeds that they demand automatic reversal. *State v. Abram*, 284 Neb. 55, 815 N.W.2d 897 (2012). They are distinguished from trial errors, which generally occur during the presentation of the case to the jury, and which may therefore be quantitatively assessed in the context of other evidence presented in order to determine whether they were harmless beyond a reasonable doubt. *Id.* The U.S. Supreme Court has limited structural errors to a few very specific categories--total deprivation of counsel, trial before a judge who is not impartial, unlawful exclusion of members of the defendant's race from a grand jury, denial of the right to self-representation at trial, and denial of the right to a public trial. *Id.* Failure to receive notice of the entry of an order does not fall into any of those categories. Accordingly, this assignment of error is without merit.

## CONCLUSION

The district court did not abuse its discretion in denying Haynes' motion to vacate or modify the previous order dismissing Haynes' motion for postconviction relief.

AFFIRMED.