Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/28/2016 09:09 AM CDT

In re Interest of L.T., alleged to be
a dangerous sex offender.
L.T., appellee, v. Mental Health Board of
the Fourth Judicial District, appellee,
and State of Nebraska, appellant.

\_\_\_ N.W.2d \_\_\_

Filed October 28, 2016.    No. S-16-024.

1. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
2. \_\_\_\_: \_\_\_\_. An appellate court does not acquire jurisdiction over an appeal if a party fails to properly perfect it.
3. **Constitutional Law: Statutes: Jurisdiction: Time: Appeal and Error.** The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal.
4. **Statutes: Appeal and Error.** Appellate courts give statutory language its plain and ordinary meaning and will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
5. **Criminal Law: Mental Health: Final Orders: Legislature: Intent: Appeal and Error.** When authorizing appeals from final orders under the Sex Offender Commitment Act, the Legislature expressly authorized both the State and the subject of the petition to take an appeal. And the statutory language of Neb. Rev. Stat. § 71-1214 (Reissue 2009) directs that all such appeals are to be taken in accordance with the procedure in criminal cases, indicating the Legislature intended a single procedure to apply regardless of which party takes the appeal, and regardless of the nature of the issues raised on appeal.
6. **Criminal Law: Mental Health: Final Orders: Appeal and Error.** The proper procedure to be followed when taking an appeal from a final order of the district court under Neb. Rev. Stat. § 71-1214 (Reissue

2009) is the general appeal procedure set forth in Neb. Rev. Stat. § 25–1912 (Reissue 2008).

7. **Jurisdiction: Fees: Legislature: Intent: Appeal and Error.** The Legislature intended that the filing of the notice of appeal and the depositing of the docket fee in the office of the clerk of the district court are both mandatory and jurisdictional.

8. **Jurisdiction: Appeal and Error.** When an appellate court is without jurisdiction to act, the appeal must be dismissed.

Appeal from the District Court for Douglas County: Marlon A. Polk, Judge. Appeal dismissed.

Eric W. Wells, Deputy Douglas County Attorney, for appellant.

Thomas C. Riley, Douglas County Public Defender, and Ryan T. Locke for appellee L.T.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Stacy, J.

## NATURE OF CASE

This case requires us to determine which statutory appeal procedure the State must follow when it seeks to appeal from a district court's order under the Sex Offender Commitment Act (SOCA),[1] which authorizes appeals "in accordance with the procedure in criminal cases."[2] We conclude the general appeal procedure under Neb. Rev. Stat. § 25-1912 (Reissue 2008) governs such appeals, and because the State did not perfect its appeal under that statute, we dismiss for lack of jurisdiction.

## BACKGROUND

In April 2015, the Douglas County Attorney filed a petition alleging L.T. was a dangerous sex offender within the meaning of Neb. Rev. Stat. § 83-174.01 (Reissue 2014). Following

---

[1] Neb. Rev. Stat. § 71-1201 et seq. (Reissue 2009).

[2] § 71-1214.

a hearing, the Mental Health Board of the Fourth Judicial District found L.T. was a dangerous sex offender and determined inpatient treatment was the least restrictive alternative for him. L.T. timely appealed the mental health board's order to the district court for Douglas County. The district court found there was insufficient evidence to support the board's determination that L.T. was a dangerous sex offender under SOCA, and further found there was clear and convincing evidence L.T. could be treated on an outpatient basis. The district court ordered L.T. unconditionally discharged from commitment as a dangerous sex offender.

The State sought to appeal the district court's order pursuant to § 71-1214, which provides:

> The subject of a petition or the county attorney may appeal a treatment order of the mental health board under section 71-1209 to the district court. Such appeals shall be de novo on the record. *A final order of the district court may be appealed to the Court of Appeals in accordance with the procedure in criminal cases.* The final judgment of the court shall be certified to and become a part of the records of the mental health board with respect to the subject.

(Emphasis supplied).

In this case, the State sought to use the appellate procedure for error proceedings set out in Neb. Rev. Stat. § 29-2315.01 (Reissue 2008). Within 20 days after the district court's order was entered, the State presented the district court with an application for leave to docket an appeal. The district court certified the application, and the State then timely filed the application with the Clerk of the Supreme Court and Court of Appeals. The Court of Appeals granted the application, and we then moved the case to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[3]

---

[3] Neb. Rev. Stat. § 24-1106(3) (Supp. 2015).

L.T. moved to dismiss the appeal, arguing the State did not follow the proper appeal procedure and consequently failed to perfect its appeal. We deferred ruling on the motion to dismiss and directed the parties to include, within their appellate briefs, specific discussion of this court's jurisdiction and the proper procedure to be followed when appealing an order of the district court under § 71-1214.

## ASSIGNMENTS OF ERROR

The State assigns, restated, that the district court erred in (1) finding the State failed to prove by clear and convincing evidence that L.T. was a dangerous sex offender and that inpatient treatment was the least restrictive alternative, (2) finding outpatient treatment was the least restrictive alternative, and (3) dismissing the petition before the mental health board and unconditionally discharging L.T.

## ANALYSIS

[1-3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] An appellate court does not acquire jurisdiction over an appeal if a party fails to properly perfect it.[5] The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal.[6]

Section 71-1214 specifically authorizes both the subject of a SOCA petition and the county attorney to appeal a final order of the district court "in accordance with the procedure in criminal cases." This case requires us to determine which criminal appellate procedure the Legislature intended the parties to follow when taking such an appeal.

---

[4] *State v. Carter*, 292 Neb. 16, 870 N.W.2d 641 (2015).

[5] *In re Interest of Edward B.*, 285 Neb. 556, 827 N.W.2d 805 (2013).

[6] *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001).

The State's jurisdictional briefing argues that the Legislature's reference to "the procedure in criminal cases" in § 71-1214 should be construed to mean the statutory procedure for error proceedings under § 29-2315.01, which authorizes prosecuting attorneys to take exception to rulings and decisions made in criminal prosecutions. The State argues it has complied with the requirements of § 29-2315.01 and thus has perfected this appeal.

L.T.'s jurisdictional briefing argues we have no appellate jurisdiction over this appeal, because the State did not file a notice of appeal in the district court, and therefore failed to perfect its appeal under either the statutory appeal procedure of § 29-2315.01[7] or the general appeal procedure of § 25-1912.

[4] The language of a statute is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[8] We thus begin by examining the plain meaning of the phrase "the procedure in criminal cases" as it is used in § 71-1214.

We have not yet had occasion to interpret this phrase, and our task is complicated by the fact that Nebraska has several different statutes addressing appeal procedures in criminal cases, the applicability of which generally depends on which party is taking the appeal and on what sort of issue is being appealed. For instance, the general appeal procedures contained in § 25-1912 govern "[t]he proceedings to obtain a

---

[7] See, *State v. Johnson*, 259 Neb. 942, 945, 613 N.W.2d 459, 462 (2000) ("'the general appeal statute [§ 25-1912] does not come into play until there has been compliance with the special requirements of § 29-2315.01'"); *State v. Kissel*, 13 Neb. App. 209, 690 N.W.2d 194 (2004) (reading §§ 29-2315.01 and 25-1912 in pari materia and holding that once appellate court grants leave for State to docket error proceedings, State must file notice of appeal in district court within 30 days to confer jurisdiction in appellate court).

[8] *Huntington v. Pedersen*, 294 Neb. 294, 883 N.W.2d 48 (2016).

reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors . . . ." Additional statutory procedures apply only when a criminal defendant takes an appeal.[9] And other appeal procedures apply only when the State takes an appeal.[10] Section 71-1214 does not specify which criminal appellate procedure parties are to follow, and the legislative history is not helpful either, but we find guidance in the plain language of the remaining portions of that statute.

[5] When authorizing appeals from final orders under SOCA, the Legislature expressly authorized both the State and the subject of the petition to take an appeal. And the statutory language of § 71-1214 directs that all such appeals are to be taken "in accordance with *the* procedure in criminal cases" (emphasis supplied), indicating the Legislature intended a single procedure to apply regardless of which party takes the appeal, and regardless of the nature of the issues raised on appeal.

[6] We therefore hold the proper procedure to be followed when taking an appeal from a final order of the district court under § 71-1214 is the general appeal procedure set forth in § 25-1912. That appeal procedure applies regardless of the party taking the appeal, applies in both criminal and civil cases, and provides a procedure "to obtain a reversal, vacation, or modification of . . . final orders made by the district court."[11]

---

[9] See, e.g., Neb. Rev. Stat. §§ 29-2301 through 29-2306 (Reissue 2008).

[10] See, e.g., § 29-2315.01 (procedure for error proceedings by prosecuting attorney); Neb. Rev. Stat. §§ 29-2320 and 29-2321 (Cum. Supp. 2014) (procedure for State to appeal felony sentence as excessively lenient); and Neb. Rev. Stat. § 29-824 (Reissue 2008) (procedure for State to appeal order granting motion to suppress evidence or for return of seized property).

[11] § 25-1912(1).

[7] To perfect an appeal under § 25-1912, a party must, within 30 days after entry of the order from which the appeal is being taken, file a notice of appeal with the clerk of the district court and deposit the required docket fee unless in forma pauperis status is granted. Section 25-1912(4) characterizes both the notice of appeal and the docket fee as jurisdictional, and provides that "the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court".[12] We have recognized that "'the Legislature intended that the filing of the notice of appeal and the depositing of the docket fee "in the office of the clerk of the district court" are both mandatory and jurisdictional.'"[13]

[8] The record before us does not contain a notice of appeal, and during oral argument, the State admitted it had not, at any time, filed a notice of appeal in the district court. The State has thus failed to perfect its appeal. An appellate court does not acquire jurisdiction over an appeal if a party fails to properly perfect it.[14] And when an appellate court is without jurisdiction to act, the appeal must be dismissed.[15]

## CONCLUSION

For the foregoing reasons, we conclude the State failed to perfect an appeal under §§ 71-1214 and 25-1912. We lack jurisdiction, and this appeal must be dismissed.

APPEAL DISMISSED.

[12] See, also, *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004); *Martin v. McGinn*, 267 Neb. 931, 678 N.W.2d 737 (2004).

[13] *State v. Parmar*, 255 Neb. 356, 360, 586 N.W.2d 279, 282 (1998).

[14] *In re Interest of Edward B., supra* note 5.

[15] *State v. Dunlap*, 271 Neb. 314, 710 N.W.2d 873 (2006).