JACQAUS L. MARTIN, APPELLANT, V.
BERNARD J. MCGINN ET AL., APPELLEES.

657 N.W.2d 217

Filed March 7, 2003.    No. S-01-1247.

Jacqaus L. Martin, pro se.

No appearance for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## NATURE OF CASE

This is an appeal from an order of the district court for Lancaster County which denied the appellant, Jacqaus L. Martin, leave to proceed in forma pauperis and dismissed his action.

## BACKGROUND

Martin, an inmate at the Tecumseh State Correctional Institution, filed a pro se "Petition for Declaratory, Injunctive, and Other Equitable Relief/Damages" against several defendants.

On October 22, 2001, Martin filed an application to proceed in forma pauperis and an accompanying affidavit in support of his application. In an order filed November 1, the district court determined that Martin's action was frivolous. It denied his application to proceed in forma pauperis and dismissed the action.

Martin timely appealed from the November 1, 2001, order and also filed an application to proceed in forma pauperis on appeal. The district court denied Martin leave to proceed in forma pauperis on appeal, once again stating that his action was frivolous and was not brought in good faith. We moved the case to our docket on our own motion.

## ASSIGNMENT OF ERROR

Martin assigns, rephrased, that the district court erred in finding that his action was frivolous and in dismissing his action.

## STANDARD OF REVIEW

■ A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Cum. Supp. 2002) is reviewed de novo on the record based on the transcript of the hearing or the

written statement of the court. § 25-2301.02(2); *Cole v. Blum*, 262 Neb. 1058, 637 N.W.2d 606 (2002).

## ANALYSIS

Section 25-2301.02 provides:

(1) An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application: (a) Has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. . . . Such objection may be made by the court on its own motion or on the motion of any interested person. The motion objecting to the application shall specifically set forth the grounds of the objection. An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the applicant's application to proceed in forma pauperis which shall become a part of the record of the proceeding. If an objection is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal. . . .

(2) In the event that an application to proceed in forma pauperis is denied and an appeal is taken therefrom, the aggrieved party may make application for a transcript of the hearing on in forma pauperis eligibility. Upon such application, the court shall order the transcript to be prepared and the cost shall be paid by the county . . . .

Martin filed an application to proceed in forma pauperis on October 22, 2001. The district court, in accordance with § 25-2301.02(1), objected to and denied his application. The district court's order regarding Martin's application to proceed in forma pauperis stated: "The petitioner, Jacquas [sic] L. Martin, has filed a motion to proceed in forma pauperis. Upon review of the petition, it is the determination of the court that this action is

frivolous. Therefore, the motion to proceed in forma pauperis is denied and the case is dismissed."

A district court's denial of in forma pauperis status under § 25-2301.02 is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. § 25-2301.02(2); *Cole v. Blum, supra.* From our de novo review of the transcript, we conclude that Martin's application to proceed in forma pauperis was properly denied. The transcript does not support his motion.

However, the district court erred in ordering dismissal. Section 25-2301.02(1) provides: "If an objection is sustained, the party filing the application shall have thirty days . . . to proceed with an action or appeal upon payment of fees, costs, or security . . . ." The trial court erred in entering a dismissal because under the existing statute, if an objection to in forma pauperis is sustained, the party filing the application has 30 days to proceed with an action or appeal upon payment of fees and costs. We reach no determination on the merits of the action or whether it too is frivolous. That issue is not before us.

## CONCLUSION

That portion of the district court's order which denied Martin's application to proceed in forma pauperis is affirmed. That portion of the district court's order which dismissed Martin's action is reversed, and the cause is remanded.

AFFIRMED IN PART, AND IN PART
REVERSED AND REMANDED.