JACQAUS L. MARTIN, APPELLANT, V.
HONORABLE BERNARD J. MCGINN, JUDGE,
DISTRICT COURT FOR LANCASTER COUNTY, ET AL., APPELLEES.

678 N.W.2d 737

Filed April 29, 2004. No. S-03-689.

Jacqaus L. Martin, pro se.

No appearance for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Jacqaus L. Martin appeals from an order of the Lancaster County District Court dismissing his petition pursuant to Neb. Rev. Stat. § 25-2301.02(1) (Cum. Supp. 2002) for failure to pay fees, costs, or security within the time allowed by the statute.

## SCOPE OF REVIEW

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003).

## FACTS

This matter was previously before us in *Martin v. McGinn*, 265 Neb. 403, 657 N.W.2d 217 (2003) (*Martin I*). That appeal concerned an order of the district court which (1) denied Martin's application to proceed in forma pauperis on the grounds that the action was frivolous and (2) dismissed Martin's petition for declaratory, injunctive, and equitable relief.

With respect to the denial, we stated:

A district court's denial of in forma pauperis status under § 25-2301.02 is reviewed de novo on the record based on

the transcript of the hearing or the written statement of the court. . . . From our de novo review of the transcript, we conclude that Martin's application to proceed in forma pauperis was properly denied. The transcript does not support his motion.

(Citations omitted.) *Martin I*, 265 Neb. at 406, 657 N.W.2d at 219. Accordingly, we affirmed that portion of the district court's order which denied Martin's application to proceed in forma pauperis.

However, we found the district court's dismissal of Martin's petition to be in error. Citing § 25-2301.02(1), we noted in *Martin I* that if an objection to an application to proceed in forma pauperis is sustained, the party filing the application has 30 days to proceed with an action or appeal upon payment of fees, costs, or security. Because the district court had failed to allow Martin this 30-day period, we reversed that portion of the court's order which dismissed the petition and remanded the cause.

On April 8, 2003, we issued an alias mandate requesting the district court to enter judgment in accordance with *Martin I*. The mandate was file stamped by the clerk of the district court on April 9. The district court signed the order for entry of judgment pursuant to the mandate on April 11, and the order was file stamped on April 16.

The district court issued two orders that are relevant to this appeal. The first order, dated May 22, 2003, dismissed Martin's petition pursuant to § 25-2301.02(1) for failure to pay fees, costs, or security within the time allowed by the statute. Therein, the district court found (1) that the mandate from this court in *Martin I* was file stamped by the clerk of the district court on April 16, (2) that 30 days had passed since judgment was entered on the mandate, and (3) that Martin had not paid the fees, costs, or security within the required time.

The second order was issued by the district court on June 3, 2003. At that time, the matter was before the district court with regard to the notice of appeal filed by Martin from the May 22 order. The district court noted that on May 22, it had denied Martin's second application to proceed in forma pauperis, which was filed on May 3. The district court then concluded that Martin's application to proceed in forma pauperis on appeal should be denied for the reason that the action was frivolous.

Martin's notice of appeal was filed in the district court on June 4, 2003. Attached to the notice of appeal were the application to proceed in forma pauperis, the affidavit in support thereof, and the inmate accounting sheets that had previously been filed in the district court on May 3.

## ASSIGNMENTS OF ERROR

Martin assigns the following restated errors to the May 22, 2003, order of the district court: (1) The court failed to consider the affidavit attached to his application to proceed in forma pauperis before dismissing the action, and (2) the court failed to allow the cause to progress after remand.

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Cerny v. Longley*, 266 Neb. 26, 661 N.W.2d 696 (2003).

Pursuant to Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2002), an appellant must file his or her notice of appeal and deposit with the clerk of the district court the docket fee required by Neb. Rev. Stat. § 33-103 (Reissue 1998) within 30 days of the entry of the order from which the appeal is taken. Martin has filed a notice of appeal, an application to proceed in forma pauperis, an affidavit in support thereof, and inmate accounting sheets.

When the district court denied his application to proceed in forma pauperis on appeal on June 3, 2003, Martin had 30 days in which to file a docket fee with the clerk of the district court. See §§ 25-1912 and 25-2301.02(1). Since the record indicates that Martin did not file a docket fee, he did not perfect his appeal and we lack jurisdiction. Under the facts of this case, the notice of appeal and docket fee were mandatory and jurisdictional. See, § 25-1912(4); *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996). Since we lack jurisdiction in this matter, the appeal must be dismissed.

## CONCLUSION

For the reasons stated herein, Martin's appeal is dismissed.

APPEAL DISMISSED.