GREG A. GLASS, APPELLANT, V.
MICHAEL KENNEY, APPELLEE.

687 N.W.2d 907

Filed October 15, 2004.   Nos. S-03-036, S-03-128.

Greg A. Glass, pro se.

Jon Bruning, Attorney General, and J. Kirk Brown for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

### NATURE OF CASE

Cases Nos. S-03-128 and S-03-036 have been consolidated on appeal. In each case, we are asked to determine whether the district court erred in denying the motion of appellant, Greg A. Glass, to proceed in forma pauperis. For the reasons stated below, we conclude that the district court erred when it denied Glass' motion to proceed in forma pauperis on appeal in case No. S-03-128 and that it did not err when it denied Glass' motion to proceed in forma pauperis with his habeas corpus action at the trial level in case No. S-03-036.

### STATEMENT OF FACTS

In 1999, Glass was convicted by a jury of second degree murder and use of a firearm in the commission of a felony, in connection with the shooting death of his former employer, Adolph Fentress, Sr. Glass received consecutive prison sentences of 40 to 60 years and 10 to 20 years, respectively. He is currently incarcerated.

At trial, Glass testified that he was owed money by Fentress and that he went to Fentress' place of business with a gun because Fentress had previously threatened him. Glass testified that an argument ensued and that he shot Fentress. The record includes a jury verdict form. As to count I, the jury checked off the entry, "Guilty of murder in the second degree." It did not check off either "Not guilty of murder in the second degree and guilty of manslaughter" or "Not guilty." Glass' convictions were affirmed by the Nebraska Court of Appeals in an opinion not designated for permanent publication. *State v. Glass*, No. A-99-919, 2000 WL 944020 (Neb. App. July 11, 2000) (not designated for permanent publication).

On December 16, 2002, Glass filed a pro se "Petition for a Writ of Habeas Corpus and a Declaratory Judgment" and a motion to proceed in forma pauperis to the district court for Lancaster County. In his petition, Glass alleged that the statute defining second degree murder, Neb. Rev. Stat. § 28-304 (Reissue 1995), was "null and void from its enactment" because the elements of the offense are not clearly distinguishable from those of manslaughter as defined by Neb. Rev. Stat. § 28-305 (Reissue 1995). He further alleged that because § 28-304 was void, the original trial

court lacked subject matter jurisdiction to convict and sentence him for the crime of second degree murder.

On December 19, 2002, the district court entered an order concluding that the allegations in Glass' petition were frivolous in light of *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001), in which we held that § 28-304 was not unconstitutionally vague. Based upon this determination, the court denied the motion to proceed in forma pauperis. The appeal from this order is embodied in case No. S-03-036.

On January 8, 2003, Glass filed a motion for leave to proceed in forma pauperis with respect to an appeal of the district court's December 19, 2002, order. The district court entered an order on January 13, 2003, in which it stated that Glass' petition was frivolous, and it, therefore, denied Glass' motion to proceed in forma pauperis on appeal. Thereafter, Glass filed a notice of appeal of the district court's January 13 order together with an application to proceed in forma pauperis and poverty affidavit. Glass' appeal of the January 13 order denying his motion to proceed in forma pauperis on appeal is embodied in case No. S-03-128.

## ASSIGNMENTS OF ERROR

In both cases Nos. S-03-128 and S-03-036, Glass assigns as error the district court's denial of his motion to proceed in forma pauperis.

In case No. S-03-036, Glass claims that the district court erred in determining that his habeas corpus petition was frivolous under *State v. Caddy, supra.*

## STANDARD OF REVIEW

■ A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Cum. Supp. 2002) is reviewed de novo on the record based on the transcript of the hearing or the written statement of the court. § 25-2301.02(2); *Martin v. McGinn*, 265 Neb. 403, 657 N.W.2d 217 (2003); *Cole v. Blum*, 262 Neb. 1058, 637 N.W.2d 606 (2002).

## ANALYSIS

*Case No. S-03-128.*

On January 13, 2003, the district court denied Glass' motion to proceed in forma pauperis on appeal for the reason that the

underlying habeas corpus action was frivolous. The denial of the motion to proceed in forma pauperis on appeal is the subject of case No. S-03-128. The State asserts that this court lacks jurisdiction to hear case No. S-03-128 because Glass has not paid the statutory fees, costs, and security necessary to docket an appeal. We determine that we have jurisdiction and that with respect to the merits, the district court erred in denying Glass' motion for in forma pauperis status on appeal.

The outcome of this appeal is controlled by reference to certain statutory provisions and case law. Both civil and criminal proceedings in forma pauperis are governed by Neb. Rev. Stat. § 25-2301 et seq. (Cum. Supp. 2002). Section 25-2301.02 is relevant to our consideration. Section 25-2301.02 provides as follows:

(1) An application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application: (a) Has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. The objection to the application shall be made within thirty days after the filing of the application. Such objection may be made by the court on its own motion or on the motion of any interested person. The motion objecting to the application shall specifically set forth the grounds of the objection. An evidentiary hearing shall be conducted on the objection unless the objection is by the court on its own motion on the grounds that the applicant is asserting legal positions which are frivolous or malicious. If no hearing is held, the court shall provide a written statement of its reasons, findings, and conclusions for denial of the applicant's application to proceed in forma pauperis which shall become a part of the record of the proceeding. If an objection is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal. In any event, the court shall not deny an application on the basis that the appellant's legal positions are frivolous or malicious if to do so would deny a defendant his or her constitutional right to appeal in a felony case.

(2) In the event that an application to proceed in forma pauperis is denied and an appeal is taken therefrom, the aggrieved party may make application for a transcript of the hearing on in forma pauperis eligibility. Upon such application, the court shall order the transcript to be prepared and the cost shall be paid by the county in the same manner as other claims are paid. The appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court.

For the sake of completeness, we note that we are aware of amendments to § 25-2301.02(1), approved April 15, 2004, which have no bearing on our analysis. See 2004 Neb. Laws, L.B. 1207 (operative date April 15, 2004).

■ In support of its argument that this court lacks jurisdiction over case No. S-03-128, the State relies on a portion of the language of § 25-2301.02(1). At the time of the district court's ruling, § 25-2301.02(1) provided that

[i]f an objection [to an application to proceed in forma pauperis] is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement [of the court's reasons for denying an application to proceed in forma pauperis] to proceed with an action or appeal upon payment of fees, costs, or security . . . .

The fees, costs, or security referred to in § 25-2301.02(1) are those customarily required to docket an appeal. See Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2002). We read §§ 25-2301.02 and 25-1912 in pari materia. In this regard, we have stated: "The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed in pari materia to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible." *Arthur v. Microsoft Corp.*, 267 Neb. 586, 593, 676 N.W.2d 29, 35 (2004).

The State asserts that because Glass did not pay the "fees, costs, or security" as stated in § 25-2301.02(1), this court lacks jurisdiction over case No. S-03-128. We do not agree.

■ We recently observed in a case involving the in forma pauperis statutes that following a denial of an application to

proceed in forma pauperis, under § 25-2301.02(1), a party may either proceed with the trial action or appeal the ruling denying in forma pauperis status. *Martin v. McGinn*, 265 Neb. 403, 657 N.W.2d 217 (2003). We have also observed that under § 25-2301.02, there is a statutory right of interlocutory appellate review of a decision denying in forma pauperis eligibility. *Jacob v. Schlichtman*, 261 Neb. 169, 622 N.W.2d 852 (2001). Case No. S-03-128 is a statutorily authorized interlocutory appeal which we will entertain if other jurisdictional requirements are met.

■ Section 25-1912 generally provides that an appeal to this court may be taken by filing "a notice of intention to prosecute [an] appeal signed by the appellant or appellants or his, her, or their attorney of record and . . . by depositing with the clerk of the district court the docket fee required by [Neb. Rev. Stat. §] 33-103 [(Reissue 1995)]." We have stated that "[a] poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal by Neb. Rev. Stat. § 33-103 . . . and § 25-1912." *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 633, 544 N.W.2d 509, 512 (1996). We have recently stated that "[t]his court obtain[s] jurisdiction over the appeal upon the timely filing of a notice of appeal and a proper in forma pauperis application and affidavit." *State v. Jones*, 264 Neb. 671, 676, 650 N.W.2d 798, 803-04 (2002).

In case No. S-03-128, Glass filed a timely notice of appeal, a proper application to proceed in forma pauperis, and a poverty affidavit, and thus, contrary to the State's contention, case No. S-03-128 was properly docketed in this court, and we obtained jurisdiction. Having filed the aforementioned pleadings, Glass was entitled to have the substance of his appeal considered by this court without literal payment of the fees, costs, or security mentioned in § 25-2301.02(1).

With respect to substance of the appeal in case No. S-03-128, the district court denied Glass' application to proceed in forma pauperis on appeal because it determined that the underlying habeas corpus action was frivolous. Given the relevant statutes, constitutional provision, and our case law, we conclude that the district court improperly denied Glass' application to proceed in forma pauperis on appeal.

As noted, Glass properly docketed his appeal in this court. Glass had a statutory right to interlocutory appellate review of the district court's decision denying in forma pauperis status on appeal, see *Jacob v. Schlichtman, supra,* and the district court was without authority to issue an order which could interfere with the exercise of such a right. Our conclusion that the district court's order was improper is consistent with article I, § 23, of the Nebraska Constitution, which provides for one appeal to an appellate court. Our conclusion is also bolstered by § 25-2301.02(2), which provides that in the event of an appeal from a ruling denying in forma pauperis eligibility, upon application, the cost of a transcript of the proceedings before the trial court shall be paid by the county. We read this portion of § 25-2301.02(2) as a legislative directive facilitating appeals of in forma pauperis orders. Finally, our conclusion is consistent with our previous decisions establishing that it is proper for this court to provide a mechanism for the appellate review of the denial of an application to proceed in forma pauperis. *Flora v. Escudero,* 247 Neb. 260, 526 N.W.2d 643 (1995). The district court erred in case No. S-03-128 when it ruled that Glass was not permitted to proceed in forma pauperis on appeal. The district court's order of January 13, 2003, is reversed and vacated.

*Case No. S-03-036.*

In case No. S-03-036, Glass appeals the December 19, 2002, order of the district court which denied Glass' motion to proceed in forma pauperis with respect to his "Petition for a Writ of Habeas Corpus and Declaratory Judgment." The district court concluded that based on *State v. Caddy,* 262 Neb. 38, 628 N.W.2d 251 (2001), the petition was frivolous. The State contends, inter alia, that the district court did not err in determining that the petition was frivolous based on *Caddy.* We agree with the State.

Section 25-2301.02(2) provides that an "appellate court shall review the decision denying in forma pauperis eligibility de novo on the record based on the transcript of the hearing or the written statement of the court." We believe the district court's order of December 19, 2002, together with the record, provide an adequate basis for our de novo review.

Glass claims that the second degree murder statute under which he was convicted, § 28-304, is vague and that as a result,

it is arbitrarily enforced. He suggests there is confusion between § 28-304 and the statute pertaining to manslaughter, § 28-305. He claims his conviction is void and that the arguments he tenders were not resolved in *Caddy*. We do not agree.

In *Caddy*, we observed that the defendant's argument included the claim that § 28-304 was void for vagueness and we noted that an analysis of such an argument necessarily included consideration of whether the challenged statute encouraged arbitrary and discriminatory enforcement. Thus, in *Caddy*, we considered enforcement. To the extent that Glass complains that he was charged with second degree murder instead of a lesser crime, we note that notwithstanding the second degree murder crime charged in the information, the jury had before it the option of finding Glass guilty of manslaughter or not guilty whatsoever. Glass was not denied the opportunity of being tried for manslaughter.

Although Glass recasts the challenge to § 28-304 by focusing on enforcement, his questions have previously been answered by this court in *Caddy*, in which we concluded that the second degree murder statute was not unconstitutionally vague. In *Caddy*, we concluded, inter alia, that "even if . . . there is ambiguity between §§ 28-304 and 28-305, there is still little question whether § 28-304 provides with reasonable clarity that the intentional killing of another may be criminal." 262 Neb. at 45, 628 N.W.2d at 258. Further, the availability of prosecutorial discretion to which Glass evidently objects does not invalidate a conviction under the selected charge. See *State v. Wright*, 261 Neb. 277, 622 N.W.2d 676 (2001). The district court did not err in characterizing the substance of Glass' petition as "frivolous." The district court's denial of Glass' motion to proceed in forma pauperis in case No. S-03-036 was not error.

## CONCLUSION

The district court's denial of Glass' motion to proceed in forma pauperis on appeal in case No. S-03-128 is reversed and vacated. The district court's denial of Glass' motion to proceed in forma pauperis in case No. S-03-036 is affirmed.

JUDGMENT IN NO. S-03-036 AFFIRMED.
JUDGMENT IN NO. S-03-128 REVERSED
AND VACATED.