VERONICA R. ROBERTSON, APPELLANT,
v. BENJAMIN D. ROSE, APPELLEE.
704 N.W.2d 227

Filed October 7, 2005.   No. S-04-449.

James L. Zimmerman, of Zimmerman Law Firm, P.C., L.L.O., for appellant.

Leland K. Kovarik, of Kovarik, Ellison, Mathis & Weimer, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

This matter is before us on a petition for further review filed by Benjamin D. Rose, appellee. Because we conclude the petition was not timely filed, the petition is dismissed.

This is a motor vehicle accident negligence case in which Veronica R. Robertson, appellant, sued Rose. Following a jury verdict in favor of Rose, the district court for Box Butte County denied Robertson's motion for new trial. Robertson appealed.

On July 22, 2005, the Nebraska Court of Appeals, in a memorandum opinion, reversed the judgment of the district court which had denied Robertson's motion for a new trial. The Court of Appeals remanded the cause for a new trial.

On August 22, 2005, Rose attempted to file a petition for further review. That same day, the Clerk of the Supreme Court returned the petition for further review to Rose with a letter explaining that the petition was being returned because Rose had failed to include either the $50 docket fee required as of July 1, 2005, pursuant to Neb. Rev. Stat. § 33-103 (Reissue 2004) as amended by 2005 Neb. Laws, L.B. 348, § 6, or an application to proceed in forma pauperis and a poverty affidavit as required by Neb. Rev. Stat. § 25-2301.01 (Cum. Supp. 2004). On August 24, Rose returned the petition for further review to the clerk's office along with a check for the $50 docket fee.

As noted in the clerk's letter to Rose, § 33-103 was amended by L.B. 348, § 6, effective July 1, 2005, to provide in relevant part: "At the time of filing a petition for further review to the Supreme Court from the Court of Appeals, there shall be paid to the clerk the sum of fifty dollars as a docket fee in lieu of any

other filing fees." Further, Neb. Ct. R. of Prac. 2F(1) (rev. 2002) was amended June 15, 2005, to provide in relevant part:

As of July 1, 2005, pursuant to Neb. Rev. Stat. § 33-103 as amended by L.B. 348, § 6, a docket fee of $50 shall be paid to the Clerk of the Supreme Court at the time of the filing of the petition for further review. This docket fee shall be waived for an indigent person who has been granted leave to proceed in forma pauperis on appeal by the trial court.

The record shows that in this case, the minute entry that was provided to the parties when the Court of Appeals' memorandum opinion was filed on July 22, 2005, contained a legend as follows: "**NOTICE Docket Fee for Petitions for Further Review.**" The notice stated: "Pursuant to L.B. 348, § 6, which was signed by the Governor on June 2, 2005, as of July 1, 2005, a docket fee of fifty dollars shall be paid to the Clerk of the Supreme Court at the time of filing a Petition for Further Review."

Neb. Rev. Stat. § 24-1107 (Reissue 1995) provides that "[w]ithin thirty days after the Court of Appeals has issued its decision in a case, any party to the case may petition the Supreme Court for further review of the decision in the manner prescribed by the rules of the Supreme Court." Rule 2F(1) states a petition for further review "must be filed within 30 days after the release of the opinion of the Court of Appeals or the entry of the order of the Court of Appeals finally disposing of the appeal, whichever occurs later." We have held that a petition for further review not filed within 30 days is untimely and should be dismissed. See *Ackerman v. Nebraska Dept. of Corr. Appeals Bd.*, 256 Neb. 896, 593 N.W.2d 728 (1999).

In the context of the filing of an appeal, we have held that the filing of both a notice of appeal and the docket fee required by statute is mandatory and jurisdictional. *Martin v. McGinn*, 267 Neb. 931, 678 N.W.2d 737 (2004); *State v. Parmar*, 255 Neb. 356, 586 N.W.2d 279 (1998); *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996); *American Legion Post No. 90 v. Nebraska Liquor Control Commission*, 199 Neb. 429, 259 N.W.2d 36 (1977). See, also, *In re Guardianship & Conservatorship of Woltemath*, 268 Neb. 33, 680 N.W.2d 142 (2004). In a like manner, the payment of the $50 fee to docket a petition for further review is now mandated by § 33-103 and is

therefore deemed jurisdictional. See, also, rule 2F(1). A petition for further review, albeit tendered to the clerk within 30 days after the Court of Appeals has issued its decision, is not properly filed unless and until the required docket fee is timely paid.

In the present case, the Court of Appeals' memorandum opinion was released July 22, 2005. Because the 30th day following July 22 fell on a weekend, the final day to timely file a petition for further review was Monday, August 22. Although Rose attempted to file a petition for further review on August 22, the petition was not accompanied by the required docket fee. Rose did not file a petition for further review accompanied by the required docket fee until August 24. Therefore, the petition for further review was not properly filed within 30 days as required under § 24-1107 and rule 2F(1).

Rose's petition for further review is untimely. Accordingly, the petition is dismissed.

PETITION FOR FURTHER REVIEW DISMISSED.