State of Nebraska, appellee, v.
Victor L. Carter, appellant.
___ N.W.2d ___

Filed October 30, 2015.    Nos. S-14-1089, S-15-024.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.
2. **Affidavits: Appeal and Error.** A district court's denial of in forma pauperis status under Neb. Rev. Stat. § 25-2301.02 (Reissue 2008) is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.
3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.
4. **Postconviction: Appeal and Error.** An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion.
5. **Postconviction.** Postconviction proceedings are not a tool whereby a defendant can continue to bring successive motions for relief.
6. ____. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.

Appeals from the District Court for Douglas County: Gary B. Randall, Judge. Appeal in No. S-14-1089 held under submission. Judgment in No. S-15-024 affirmed.

Steve Lefler, of Lefler, Kuehl & Burns, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

Victor L. Carter, pro se.

Heavican, C.J., Wright, Connolly, McCormack, Miller-
Lerman, Cassel, and Stacy, JJ.

Cassel, J.

## INTRODUCTION

Two appeals arose from Victor L. Carter's fifth postconvic-
tion proceeding and have been consolidated on appeal. After
the district court summarily overruled Carter's postconviction
motion, he filed the first appeal. And after the district court
denied Carter's application to proceed in forma pauperis (IFP)
on appeal, on the basis that the underlying motion was frivo-
lous, he filed another appeal to challenge that denial. The sec-
ond appeal lacks merit, and we affirm the order denying leave
to proceed IFP. But because the statute[1] nevertheless permits
Carter, upon payment of the statutory docket fee within 30
days, to proceed with the first appeal, we hold it under sub-
mission for that purpose.

## BACKGROUND

Carter was convicted of first degree murder and use of a
firearm in the commission of a felony in 1986. He was sen-
tenced to life in prison for the murder and 10 years' impris-
onment for the firearm conviction. The circumstances that
led to Carter's convictions and sentences may be found in
*State v. Carter*.[2] We affirmed his convictions on direct appeal
in 1987.[3]

Carter has made numerous unsuccessful attempts to col-
laterally attack his convictions. Before the motion which is
the subject of our first appeal, Carter filed four other motions
for postconviction relief—in 1989, 2002, 2008, and 2012. The
Douglas County District Court denied relief in each case, and

---

[1] Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2008).

[2] *State v. Carter*, 226 Neb. 636, 413 N.W.2d 901 (1987).

[3] *Id.*

in each case, we affirmed the district court's order on appeal. He has also attempted to collaterally attack his convictions by means of a motion for new trial and a petition for writ of error coram nobis.

We summarize the timeline of the most recent proceedings as follows:

• May 28, 2014: Carter files a "Motion for Successive Postconviction Relief."
• November 18, 2014: The district court overrules the motion without an evidentiary hearing.
• December 4, 2014: Carter files a notice of appeal from the November 18 order. The appeal is docketed in this court as case No. S-14-1089 (first appeal). In lieu of the statutory docket fee, Carter files an application to proceed IFP on appeal.
• December 23, 2014: On its own motion, the district court denies Carter's application to proceed IFP on appeal, after concluding that Carter's underlying postconviction motion is frivolous.
• January 8, 2015: Carter files a notice of appeal from the December 23, 2014, order. The appeal is docketed in this court as case No. S-15-024 (second appeal). This notice of appeal was also accompanied by an application to proceed IFP.

## ASSIGNMENTS OF ERROR

In the first appeal, Carter assigns, restated, that the district court erred in denying (1) his motion for postconviction relief without an evidentiary hearing and (2) his motion requesting appointment of counsel and application for IFP status.

In the second appeal, Carter assigns, restated, that the district court erred in denying his application to proceed IFP on appeal.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of

law, which requires the appellate court to reach a conclusion independent from the lower court's decision.[4]

[2] A district court's denial of in forma pauperis status under § 25-2301.02 is reviewed de novo on the record based on the transcript of the hearing or written statement of the court.[5]

## ANALYSIS

### Jurisdiction of Second Appeal

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[6] The State claims that we do not have jurisdiction over this appeal because Carter has not paid the statutory docket fee. We disagree.

We decided in *Glass v. Kenney*[7] that we can acquire jurisdiction, without payment of the docket fee, over an appeal from an order denying IFP status on appeal. Greg A. Glass filed a petition for a writ of habeas corpus and an application to proceed IFP. Without ruling on the habeas petition, the district court denied Glass' application to proceed IFP because it concluded that his allegations in the habeas petition were "frivolous."[8] Glass appealed, filing an application to proceed with the appeal IFP, which the district court denied. Glass separately appealed from this second denial, filing a proper application to proceed IFP and a poverty affidavit with his notice of appeal. The State argued that we did not have jurisdiction to hear Glass' second appeal because Glass had not paid any filing fees.

The interaction of several statutes led us to conclude that we had jurisdiction. We first observed that under the controlling

---

[4] *State v. Crawford*, 291 Neb. 362, 865 N.W.2d 360 (2015).

[5] *State v. Sims*, 291 Neb. 475, 865 N.W.2d 800 (2015).

[6] *State v. Banks*, 289 Neb. 600, 856 N.W.2d 305 (2014).

[7] *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004).

[8] *Id.* at 706, 687 N.W.2d at 909.

statute,[9] following a denial of an application to proceed IFP, a party may either proceed with the action or appeal the ruling denying IFP status.[10] For completeness, we note that this statute underwent minor revisions after *Glass* that have no bearing on this analysis. Second, we recognized that under this statute, there is a statutory right of interlocutory appellate review of a decision denying IFP eligibility.[11] Third, we observed that although another statute[12] generally governing appeals and a specific fee statute[13] require payment of a docket fee, "'[a] poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal . . . .'"[14] Finally, we noted that "'[t]his court obtain[s] jurisdiction over the appeal upon the timely filing of a notice of appeal and a proper in forma pauperis application and affidavit.'"[15] We acquired jurisdiction over Glass' second appeal because Glass filed a timely notice of appeal from the order denying leave to appeal IFP, accompanied by a proper application to proceed IFP and a poverty affidavit.

The procedural posture of the instant appeal is slightly different than that in *Glass*; however, the same principles apply. As in *Glass*, the district court denied Carter's motion to proceed IFP on appeal. Like Glass, Carter appealed from the district court's denial to this court. And as in *Glass*, we obtained jurisdiction over the second appeal because Carter filed a proper application to proceed IFP and a poverty affidavit with his timely notice of appeal. (We note that the State

---

[9] § 25-2301.02(1).

[10] See *Glass v. Kenney, supra* note 7.

[11] See *id*.

[12] Neb. Rev. Stat. § 25-1912 (Reissue 2008).

[13] Neb. Rev. Stat. § 33-103 (Reissue 2008).

[14] *Glass v. Kenney, supra* note 7, 268 Neb. at 709, 687 N.W.2d at 911 (quoting *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996)).

[15] *Id*. (quoting *State v. Jones*, 264 Neb. 671, 650 N.W.2d 798 (2002)).

may have overlooked the IFP application and poverty affidavit, as they were transmitted with the docketing documents[16] and did not appear in the transcript of filings.)

## Merits of IFP Application

We now turn to the merits of Carter's application to proceed IFP on appeal. The district court, on its own motion, denied Carter's application because it concluded that his underlying motion for postconviction relief was frivolous.

The statute authorized the district court to deny leave if it determined that Carter's motion for postconviction relief was frivolous. Except in those cases where the denial of IFP status "would deny a defendant his or her constitutional right to appeal in a felony case," § 25-2301.02 allows the court "on its own motion" to deny IFP status on the basis that the legal positions asserted by the applicant are frivolous or malicious, provided that the court issues "a written statement of its reasons, findings, and conclusions for denial."[17] A frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence.[18] The district court's order set forth the required finding.

To review the district court's finding, we must consider Carter's underlying motion for postconviction relief. In that motion, Carter argues that his jury should have received a voluntary manslaughter instruction pursuant to *State v. Smith*.[19] However, he admits that he also relied upon *Smith* in his 2012 motion. He also claims that *Smith* and the U.S. Supreme Court's 2013 decision in *Alleyne v. United States*,[20] taken

---

[16] See Neb. Ct. R. App. P. § 2-101(B)(4) (rev. 2010).

[17] § 25-2301.02(1). See *Cole v. Blum*, 262 Neb. 1058, 637 N.W.2d 606 (2002).

[18] *Castonguay v. Retelsdorf*, 291 Neb. 220, 865 N.W.2d 91 (2015).

[19] *State v. Smith*, 282 Neb. 720, 806 N.W.2d 383 (2011).

[20] *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

together, render the "absence . . . of [a] sudden quarrel" an element of first degree murder. He argues that *Alleyne* requires this conclusion because "the absence or presence of <u>sudden quarrel</u>, raises the sentencing floor from 20 years to life." (Emphasis in original.)

Carter's arguments regarding *Alleyne* are frivolous. *Alleyne* is the most recent decision in a line of cases where the U.S. Supreme Court has wrestled with the distinction between the elements of a crime and "'sentencing factors,'" which are "facts that are not found by a jury but that can still increase the defendant's punishment."[21] In *Alleyne*, the Court held that facts that increase the mandatory minimum sentence must be submitted to the jury, rather than be decided by the judge as sentencing factors. *Alleyne* is an extension or application of *Apprendi v. New Jersey*,[22] where the Court held that facts that increase the prescribed statutory maximum sentence must be submitted to the jury, rather than submitted to the judge as sentencing factors. Carter's reliance on *Alleyne* is misplaced; the absence or presence of a sudden quarrel is not a sentencing factor under Nebraska law. *Alleyne* simply does not apply here.

[4-6] More important, Carter's previous attempt to invoke *Smith* renders his current argument frivolous. Carter's claim that *Smith* entitles him to relief is wholly without merit because he relied upon *Smith* in his 2012 motion for postconviction relief. An appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion.[23] Postconviction proceedings are not a tool whereby a

---

[21] *Id.*, 133 S. Ct. at 2156.

[22] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

[23] *State v. Phelps*, 286 Neb. 89, 834 N.W.2d 786 (2013).

defendant can continue to bring successive motions for relief.[24] The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity.[25] Carter cannot rely upon *Smith* again. And without it, his argument is frivolous.

## CONCLUSION

Because we conclude that Carter asserted only frivolous legal positions in his motion for postconviction relief, we resolve the second appeal by affirming the district court's order. Thus, pursuant to § 25-2301.02(1), we will not have jurisdiction of the first appeal unless Carter pays the statutory docket fee within 30 days of the date of release of this opinion. We therefore hold the first appeal under submission for payment of the statutory docket fee. If Carter fails to timely pay the statutory docket fee, his first appeal will be dismissed for lack of jurisdiction. We direct that upon payment of the fee or upon expiration of the 30-day period without payment, whichever occurs first, the clerk of the district court for Douglas County shall file a supplemental certificate in case No. S-14-1089 accordingly.

Appeal in No. S-14-1089 held under submission.
Judgment in No. S-15-024 affirmed.

---

[24] *Id.*

[25] *Id.*