Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/06/2018 09:17 AM CDT

HERBERT LEE CAMPBELL, APPELLANT,
v. BRAD HANSEN, APPELLEE.
___ N.W.2d ___

Filed January 12, 2018.    No. S-17-399.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.
2. **Affidavits: Appeal and Error.** When an in forma pauperis application is denied and the applicant seeks leave to proceed in forma pauperis in order to obtain appellate review of that denial, the trial court does not have authority to issue an order that would interfere with such appellate review.
3. **Jurisdiction: Affidavits: Appeal and Error.** In an interlocutory appeal from an order denying leave to proceed in forma pauperis, an appellate court obtains jurisdiction over the appeal upon the timely filing of a notice of appeal and a proper in forma pauperis application and affidavit.

Petition for further review from the Court of Appeals, INBODY, RIEDMANN, and ARTERBURN, Judges, on appeal thereto from the District Court for Johnson County, VICKY L. JOHNSON, Judge. Judgment of Court of Appeals reversed, and cause remanded for further proceedings.

Herbert Lee Campbell, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

Cassel, J.

## INTRODUCTION

This appeal presents a slightly different question from our recent decision in *Mumin v. Frakes*.[1] Here, the question is whether a petitioner for habeas corpus relief whose initial motion to proceed in forma pauperis (IFP) was denied and who takes a timely interlocutory appeal from that denial, accompanied by a motion to proceed IFP on appeal, must file a second appeal where the district court also denies the second IFP motion. Because the Nebraska Court of Appeals' summary dismissal incorrectly determined that a second appeal was necessary, we reverse, and remand for further proceedings.

## BACKGROUND

Herbert Lee Campbell filed a petition for writ of habeas corpus along with a motion to proceed IFP and poverty affidavit. The district court for Johnson County denied the motion by placing an "X" on the line corresponding to the following: "The Court hereby denies Motion to Proceed [IFP] for reason this is a meritless/frivolous action. **The party filing the application shall have thirty days to proceed with an action or appeal upon payment of fees, costs, or security.**"

Within 30 days, Campbell initiated an appeal from the district court to the Court of Appeals, by filing a notice of appeal along with a second motion to proceed IFP and a second poverty affidavit. On May 5, 2017, the district court denied the second motion to proceed IFP, that is, the motion to proceed IFP on appeal. The court's order stated that the legal positions advanced were frivolous and that Campbell had 30 days to proceed with an action or appeal upon payment of fees, costs, or security.

On June 26, 2017, the Court of Appeals summarily dismissed the appeal. The court determined that it lacked jurisdiction, because Campbell did not pay a docket fee or appeal by June 5

---

[1] *Mumin v. Frakes, ante* p. 381, ___ N.W.2d ___ (2017).

from the denial of IFP status on appeal. It subsequently over-ruled Campbell's motion for rehearing. We granted Campbell's petition for further review and later ordered the appeal to be submitted without oral argument.

## ASSIGNMENT OF ERROR

Campbell assigns that the Court of Appeals erred in concluding that after the district court dismissed his request to proceed IFP on appeal, he had 30 days in which to pay a docket fee or appeal the May 5, 2017, denial of IFP status.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision.[2]

## ANALYSIS

We first dispense with one of Campbell's arguments in support of his petition for further review. He asserted that the May 5, 2017, denial of IFP status was not for appeal purposes, but, rather, was a second denial to proceed IFP on his petition for writ of habeas corpus. Although we disagree, Campbell's confusion is somewhat understandable.

The district court's form of order presented three possible options for the court to select as its ruling. The court selected the following option:

> The Court hereby denies Motion to Proceed in Forma Pauperis[.] **The legal positions advanced by petitioner are frivolous. The writ is a collateral attack on a judgment of a valid conviction. The court had jurisdiction of the parties and subject matter and such a writ will not lie. See Peterson v. Houston, 284 Neb. 861 (2012). The party filing the application shall have thirty days**

---

[2] *State v. Carter*, 292 Neb. 16, 870 N.W.2d 641 (2015).

**to proceed with an action or appeal upon payment of fees, costs, or security.**

The court's ruling did not specifically state that it was denying IFP for purposes of appeal. But the option for granting the motion to proceed IFP stated that it was "for appeal purposes." Given this context and because Campbell filed the motion with his notice of appeal, we are satisfied that the court's denial of IFP status in the May 2017 order was addressed to his substitute for the statutory docket fee on appeal and not in further response to his initial motion to proceed IFP.

Campbell also asserted that "the district court was without jurisdiction to enter the May 5, 2017 order."[3] Although Campbell did not elaborate, he cited *State v. Carter*[4] and Neb. Rev. Stat. § 25-2301.02 (Reissue 2016). Section 25-2301.02 authorized Campbell's interlocutory appeal from the denial of his first motion to proceed IFP and would have required that he be provided with a free transcript of the hearing on IFP eligibility, had there been such a hearing. To the extent Campbell is arguing that the district court could not interfere with his right to an interlocutory appeal of the denial of his request to proceed IFP, we agree.

[2] We recently clarified that a court does not have authority to deny a second request to proceed IFP made as part of an interlocutory appeal seeking appellate review of an initial denial of a request to proceed IFP.[5] As we explained in *Glass v. Kenney*[6] and repeated in *Mumin v. Frakes*,[7] when an IFP application is denied and the applicant seeks leave to proceed IFP in order to obtain appellate review of that denial, the trial court does not have authority to issue an order that

---

[3] Brief for appellant in support of petition for further review at 3.

[4] *State v. Carter, supra* note 2.

[5] See *Mumin v. Frakes, supra* note 1.

[6] See *Glass v. Kenney*, 268 Neb. 704, 687 N.W.2d 907 (2004).

[7] See *Mumin v. Frakes, supra* note 1.

would interfere with such appellate review. Here, the district court did just that. After denying Campbell's application to proceed IFP at the commencement of the case, the court also denied his application to proceed IFP on appeal from the initial denial.

At this juncture, the procedural posture of Campbell's case diverges from that in *Glass v. Kenney* and *Mumin v. Frakes*. In those cases, the applicant also filed an appeal from the denial of IFP status on appeal. Here, Campbell did not do so. For that reason, the Court of Appeals concluded it lacked jurisdiction.

[3] But Campbell took the necessary steps to vest jurisdiction with the Court of Appeals. In an interlocutory appeal from an order denying leave to proceed IFP, an appellate court obtains jurisdiction over the appeal upon the timely filing of a notice of appeal and a proper IFP application and affidavit.[8] Campbell timely filed a notice of appeal, a motion to proceed IFP, and a poverty affidavit. Thus, the Court of Appeals erred in dismissing the appeal for lack of jurisdiction.

The Court of Appeals did not have the benefit of our *Mumin v. Frakes* opinion, and its dismissal is understandable under the circumstances. In *Glass v. Kenney* and *State v. Carter*,[9] the applicants each filed two appeals—one appeal from an initial order denying IFP and a second appeal from an order denying IFP on appeal. Thus, the Court of Appeals was under the impression that Campbell should have paid a docket fee or appealed the May 2017 denial of IFP status.

But as our *Mumin v. Frakes* opinion explained, because another statute authorizes commencement of a habeas corpus proceeding without advance payment of fees,[10] Campbell's petition for a writ of habeas corpus was properly filed with the district court whether the first motion to proceed IFP

---

[8] See *Glass v. Kenney, supra* note 6.

[9] *State v. Carter, supra* note 2.

[10] See Neb. Rev. Stat. § 29-2824 (Reissue 2016).

was granted or denied. Moreover, requiring an appeal from the second motion to proceed IFP unnecessarily multiplies appeals. As we pointed out in *Mumin v. Frakes*, where no prepayment of fees or costs is required, deferring the ruling on an IFP application would permit a trial court to reach the merits of the case without a lengthy delay resulting from an interlocutory appeal from an order denying IFP. Here, as in *Mumin v. Frakes*, there was no district court order directly ruling on the petition for writ of habeas corpus. Rather, Campbell's appeal ran solely from the first order denying IFP status. According to § 25-2301.02, Campbell was entitled to appellate review of the district court's initial denial of IFP status. He cannot be required to pay a docket fee in order to obtain such review; rather, his poverty affidavit served as a substitute for the statutory docket fee otherwise required.[11] The Court of Appeals erred in dismissing the appeal for lack of jurisdiction.

## CONCLUSION

Because the Court of Appeals acquired jurisdiction upon Campbell's timely filing of a notice of appeal, accompanied by an application for IFP status and poverty affidavit, we reverse its decision dismissing the appeal. We remand the cause to the Court of Appeals for a determination on the merits of the error assigned by Campbell regarding the denial of his first motion to proceed IFP.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., not participating.

---

[11] See Neb. Rev. Stat. §§ 25-1912 and 33-103 (Reissue 2016).