IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. BARROW

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JASON BARROW, APPELLANT.

Filed February 14, 2023.    No. A-22-514.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed in part, and in part vacated.

Jason Barrow, pro se.

Douglas J. Peterson, Attorney General, and Melissa R. Vincent for appellee.

PIRTLE, Chief Judge, and RIEDMANN and ARTERBURN, Judges.

ARTERBURN, Judge.

INTRODUCTION

Jason Barrow appeals the order of the district court for Douglas County which denied his second successive motion for postconviction relief and motion to proceed in forma pauperis (IFP). He further appeals the order of the district court denying him IFP status on appeal. Upon our review, we affirm the order of the district court denying Barrow's motion for postconviction relief and initial IFP status, and vacate the order of the district court denying him IFP status on appeal.

BACKGROUND

On January 14, 2015, Barrow was charged by information in the district court with first degree sexual assault on a child, a Class IB felony, and with child abuse, a Class IIIA felony. The circumstances of the case, as alleged by the State, were that Barrow had stood outside the window of a young girl and threatened to shoot her if she did not take off all of her clothes and penetrate

- 1 -

her vagina with her own finger. Barrow filed a plea in abatement asserting that his actions did not constitute first degree sexual assault on a child because he did not physically penetrate the victim in any way. The district court denied Barrow's plea in abatement.

On September 17, 2015, Barrow entered a plea of guilty to an amended information charging him with attempted first degree sexual assault on a child, a Class II felony. The district court sentenced him to 45 to 50 years' imprisonment. Barrow did not timely appeal from his conviction or sentence.

Approximately five years after his conviction became final, on October 9, 2020, Barrow filed a motion for postconviction relief. The district court denied his motion as time barred. On February 24, 2021, this court summarily affirmed the district court's order. Barrow then filed a petition for further review in the Nebraska Supreme Court on March 4. While that petition was pending, Barrow filed in the district court a motion to vacate his conviction and sentence pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 2016). The district court denied the motion to vacate because the court did not have jurisdiction while Barrow's petition for further review was pending.

The Supreme Court ultimately denied Barrow's petition for further review. On May 6, 2021, Barrow filed a second motion to vacate his conviction and sentence pursuant to § 25-2001 which was identical to his previous motion. Much like his plea in abatement, Barrow asserted in his motion that his conviction was void because the facts of his offense did not constitute attempted first degree sexual assault on a child under the statutory language. In addition to his motion to vacate, Barrow filed a motion to proceed IFP. The district court denied both of Barrow's motions. Barrow appealed, but later voluntarily dismissed his appeal.

On December 17, 2021, Barrow filed in the district court a second motion for postconviction relief along with a motion to proceed IFP. He alleged that his trial counsel was ineffective for advising him to accept the plea agreement because the evidence supporting the original charge was insufficient as a matter of law. The district court denied his motions, noting that Barrow "has filed multiple motions to vacate his conviction and sentence which have been denied" and "is now attempting to file another motion for postconviction relief." Barrow filed a notice of appeal in conjunction with a motion to proceed IFP on appeal. The district court denied Barrow's motion to proceed IFP on appeal for the same reasons it denied his initial motion. However, on appeal Barrow only challenged the district court's denial of his successive motion for postconviction relief. Because Barrow did not challenge the district court's denial of IFP status, this court dismissed his appeal for lack of jurisdiction.

On June 21, 2022, Barrow filed a third motion for postconviction relief along with a motion to proceed IFP. Barrow's third motion for postconviction relief is identical to his second motion. The district court denied Barrow's motion to proceed IFP citing the following reasons:

> After the Nebraska Court of Appeals summarily affirmed the Court's order denying Postconviction relief, [Barrow] has filed multiple motions to vacate [his] conviction and sentence which have been denied. The Court of Appeals on December 10, 2021 dismissed [Barrow's] latest appeal. [Barrow] has since appealed again and has not paid the filing fees after being denied [IFP]. [Barrow] is now attempting to file another motion for postconviction relief. Therefore, [Barrow's] Motion to Proceed [IFP] and Motion for Postconviction relief filed June 21, 2022, are hereby denied.

On July 8, 2022, Barrow filed a notice of appeal, along with a motion to proceed IFP. The district court objected to Barrow's motion to proceed IFP on appeal on the grounds that he was "asserting legal positions which are frivolous or malicious" and denied the motion stating Barrow "has exhausted his appeal and postconviction relief multiple times yet continues to file the same motions. The appellate court has repeatedly denied his motions as well."

On appeal, Barrow challenges the court's denial of both of his motions to proceed IFP as well as the denial of his third motion for postconviction relief.

## ASSIGNMENTS OF ERROR

Barrow assigns, restated and renumbered, that the district court erred in (1) denying his motion to proceed IFP on appeal, (2) denying his third motion for postconviction relief without an evidentiary hearing, and (3) denying his motion to proceed IFP on his third motion for postconviction relief.

## STANDARD OF REVIEW

A district court's denial of IFP status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. *Mumin v. Frakes*, 298 Neb. 381, 904 N.W.2d 667 (2017).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which an appellate court reviews independently of the lower court's ruling. *State v. Lotter*, 311 Neb. 878, 976 N.W.2d 721 (2022).

## ANALYSIS

*Motion to Proceed IFP on Appeal.*

Barrow first asserts that the district court erred in denying his motion to proceed IFP on appeal. The State agrees with Barrow's assertion. Upon our review, we find that the district court's order denying Barrow IFP status on appeal should be vacated.

Under our current statutory scheme, there are two circumstances in which a court has no authority to deny a proper application and affidavit to proceed IFP. *Mumin v. Frakes, supra*. The first circumstance is outlined in Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2016): "the court shall not deny an [IFP] application on the basis that the applicant's legal positions are frivolous or malicious if to do so would deny the applicant his or her constitutional right to appeal in a felony case." The second circumstance is one which this court has found to be implicit in the IFP statutory scheme: Because an applicant has a statutory right to interlocutory appellate review of an order denying an IFP application, a court does not have authority to interfere with such appellate review by denying a request to proceed IFP in order to obtain appellate review of an order denying an earlier IFP application. *Mumin v. Frakes, supra*.

Here, Barrow has a statutory right to appeal the district court's order denying his initial application to proceed IFP, so the second circumstance is present. As such, the district court had no authority to deny Barrow's application to proceed IFP on appeal. The district court's order denying his motion should be vacated.

*Motion for Postconviction Relief and Initial Motion to Proceed IFP.*

Barrow's next two assignments of error, that the district court erred in denying his third motion for postconviction relief and initial motion to proceed IFP, are without merit.

We begin with Barrow's third motion for postconviction relief. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity. *State v. Lotter, supra.* Additionally, the statute governing postconviction relief expressly provides that a court need not entertain a second motion or successive motions for similar relief on behalf of the same prisoner. *Id.* The Supreme Court has long construed this provision to require that all available grounds for postconviction relief must be stated in the initial postconviction motion and, once that motion has been judicially determined, any subsequent postconviction motion regarding the same conviction and sentence may be dismissed by the district court unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time of filing the prior motion. *Id*.

Further, Neb. Rev. Stat. § 29-3001(4) (Reissue 2016) provides a one year limitation for postconviction relief. This period runs from the later of (a) the date the judgment of conviction became final by the conclusion of a direct appeal or the expiration of the time for filing a direct appeal; (b) the date on which the factual predicate of the constitutional claim or claims alleged could have been discovered through the exercise of due diligence; (c) the date on which an impediment created by state action, in violation of the Constitution of the United States or the Constitution of Nebraska or any law of this state, is removed, if the prisoner was prevented from filing a verified motion by such state action; (d) the date on which a constitutional claim asserted was initially recognized by the Supreme Court of the United States or the Nebraska Supreme Court, if the newly recognized right has been made applicable retroactively to cases on postconviction collateral review; or (e) August 27, 2011.

Barrow's third motion for postconviction relief is both time barred and procedurally barred. Barrow's conviction became final on January 5, 2017. The present motion was filed on June 21, 2022. Clearly this motion is time barred under subsections (a) and (e). Barrow does not allege that the remaining subsections apply, nor can we find any basis for application. Therefore, the motion is time barred under § 29-3001(4).

Finally, Barrow's motion is procedurally barred because he is alleging issues that have been raised in prior motions. He alleges his trial counsel was ineffective for advising Barrow to enter into a plea agreement because the circumstances of his case did not meet the elements of attempted sexual assault on a child under the statutory scheme. Whether his acts were sufficient to meet the statutory elements of the crime was the issue Barrow raised in his March 2021 motion to vacate, which was denied. It was also the predicate upon which he based his claim of ineffective assistance of counsel in his second postconviction motion, filed in December 2021, which was also denied. For these reasons, Barrow's third motion for postconviction relief is procedurally barred.

We turn now to the district court's denial of Barrow's initial motion to proceed IFP. A court may deny an application for IFP status if it determines that the legal positions asserted by the applicant are frivolous or malicious. *Mumin v. Frakes*, 298 Neb. 381, 904 N.W.2d 667 (2017).

A frivolous legal position is one wholly without merit, that is, without rational argument based on the law or on the evidence. *State v. Carter*, 292 Neb. 16, 870 N.W.2d 641 (2015).

Barrow's claim meets the definition of frivolous. He has made the same argument many times. This court and the Supreme Court have denied each of his previous assertions of the same claim. Yet, Barrow has continued to file the same motions, putting forth the same arguments again and again. Clearly, his position is without merit. The district court did not err in denying Barrow IFP status.

CONCLUSION

We vacate the district court's order denying Barrow motion to proceed IFP on appeal. We affirm the district court's order denying Barrow's initial motion to proceed IFP, and the order denying Barrow's third motion for postconviction relief.

AFFIRMED IN PART, AND IN PART VACATED.